UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
E. PACKMAN, individually and for all others similarly situated,

                           Plaintiff,

-against-

ITS JUST LUNCH INTERNATIONAL, ITS JUST LUNCH, INC. and HARRY and SALLY, INC.,

                           Defendants.
----------------------------------------------------------------X

Docket No.: 07 CIV 9227

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

        Defendant HARRY and SALLY, INC. ("H&S"), by its attorneys Lewis Brisbois Bisgaard & Smith, LLP, sets forth the following Answer and Affirmative Defenses to the Complaint of Plaintiff E. Packman ("Plaintiff").

        1.    H&S denies each and every allegation contained in paragraph "1" of Plaintiff's Complaint, except admits that IJL is a dating service.

        2.    H&S denies each and every allegation contained in paragraph "2" of Plaintiff's Complaint.

        3.    H&S denies each and every allegation contained in paragraph "3" of Plaintiff's Complaint.

        4.    H&S admits the allegations contained in paragraph "4" of Plaintiff's Complaint.

        5.    H&S denies each and every allegation contained in paragraph "5" of Plaintiff's Complaint.

        6.    H&S denies each and every allegation in paragraph "6" of Plaintiff's Complaint, except admits that the quoted items appear on the website.

        7.    H&S denies each and every allegation contained in paragraph "7" of Plaintiff's Complaint.

8. H&S denies each and every allegation contained in paragraph "8" of Plaintiff's Complaint.

9. H&S denies each and every allegation contained in paragraph "9" of Plaintiff's Complaint.

10. H&S denies each and every allegation contained in paragraph "10" of Plaintiff's Complaint, except admits that IJL trains sales directors with the assistance of a sales script.

11. H&S denies each and every allegation contained in paragraph "11" of Plaintiff's Complaint, except admits that Defendants follow up with prospective clients after they make initial contact.

12. H&S denies each and every allegation contained in paragraph "12" of Plaintiff's Complaint, except admits that IJL trains sales directors with the assistance of a sales script.

13. H&S denies each and every allegation contained in paragraph "13" of Plaintiff's Complaint.

14. H&S denies each and every allegation contained in paragraph "14" of Plaintiff's Complaint.

15. H&S denies each and every allegation contained in paragraph "15" of Plaintiff's Complaint.

16. H&S denies each and every allegation contained in paragraph "16" of Plaintiff's Complaint and leaves all questions of law to the Court.

17. H&S denies each and every allegation contained in paragraph "17" of Plaintiff's Complaint, except admits an Assurance of Discontinuance with the Attorney General of New York was entered into, and refers the Court to the document for its terms.

18. H&S denies each and every allegation contained in paragraph "18" of Plaintiff's Complaint.

19. H&S denies each and every allegation contained in paragraph "19" of Plaintiff's Complaint, except admits that IJL's services have resulted in thousands of marriages.

20. H&S denies each and every allegation contained in paragraph "20" of Plaintiff's Complaint.

## JURISDICTION AND VENUE

21. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "21" of Plaintiff's Complaint, and on that basis denies each and every allegation contained therein.

22. H&S denies each and every allegation contained in paragraph "22" of Plaintiff's Complaint, except admits that IJL operates franchises in the State of New York.

23. H&S denies each and every allegation contained in paragraph "23" of Plaintiff's Complaint, except admits that IJL operates a franchise within this District.

## PARTIES

24. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "24" of Plaintiff's Complaint, and on that basis denies each and every allegation contained therein except to the extent it alleges that Plaintiff was a client of the Defendants.

25. H&S admits the allegations contained in paragraph "25" of Plaintiff's Complaint.

26. H&S denies each and every allegation contained in paragraph "26" of Plaintiff's Complaint and leaves all questions of law to the Court, but admits that IJL sells franchises that operate under the name "It's Just Lunch" and that it provides training to its franchisees.

27. H&S admits the allegations contained in paragraph "27" of Plaintiff's Complaint.

28. H&S denies the allegations contained in paragraph "28" of Plaintiff's Complaint, and states that it purchased the franchise currently located at 52 Vanderbilt Avenue, Suite 901, New York, New York in or about February 2002.

29. H&S admits the allegations contained in paragraph "29" of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

30. H&S denies each and every allegation contained in paragraph "30" of Plaintiff's Complaint and leaves all questions of law to the Court.

31. H&S denies each and every allegation contained in paragraph "31" of Plaintiff's Complaint and leaves all questions of law to the Court.

32. H&S denies each and every allegation contained in paragraph "32" of Plaintiff's Complaint and leaves all questions of law to the Court.

33. H&S denies each and every allegation contained in paragraph "33" of Plaintiff's Complaint and leaves all questions of law to the Court.

## STATEMENT OF FACTS

34. H&S admits the allegations contained in paragraph "34" of Plaintiff's Complaint to the extent they allege that IJL was founded in 1991 in Chicago by Andrea McGinty.

35. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "35" of Plaintiff's Complaint, except admits that Mr. Dolan submitted a statement in response to the false claims made on the consumeraffairs.com website.

36. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "36" of Plaintiff's Complaint.

37. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "37" of Plaintiff's Complaint.

38. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "38" of Plaintiff's Complaint.

39. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "39" of Plaintiff's Complaint.

40. H&S denies each and every allegation contained in paragraph "40" of Plaintiff's Complaint.

41. H&S denies each and every allegation contained in paragraph "41" of Plaintiff's Complaint and leaves all questions of law to the Court.

42. H&S denies each and every allegation contained in paragraph "42" of Plaintiff's Complaint, except admits that there is a training program.

43. H&S denies each and every allegation contained in paragraph "43" of Plaintiff's Complaint.

44. H&S denies each and every allegation contained in paragraph "44" of Plaintiff's Complaint, except admits that attendees are provided a sales script.

45. H&S denies each and every allegation contained in paragraph "45" of Plaintiff's Complaint, except admits that role playing is utilized in the training process which is overseen by an IJL instructor.

46. H&S denies each and every allegation contained in paragraph "46" of Plaintiff's Complaint.

47. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "47" of Plaintiff's Complaint.

48. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "48" of Plaintiff's Complaint.

49. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "49" of Plaintiff's Complaint.

50. H&S denies each and every allegation contained in paragraph "50" of Plaintiff's Complaint.

51. H&S denies each and every allegation contained in paragraph "51" of Plaintiff's Complaint.

52. H&S denies each and every allegation contained in paragraph "52" of Plaintiff's Complaint.

53. H&S denies each and every allegation contained in paragraph "53" of Plaintiff's Complaint.

54. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "54" of Plaintiff's Complaint, except admits that H&S makes royalty payments to IJL.

55. H&S lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph "55" of Plaintiff's Complaint, except admits that H&S makes royalty payments to IJL and paid a franchise fee when the franchise first started.

56. H&S denies each and every allegation contained in paragraph "56" of Plaintiff's Complaint, except admits that IJL has received worldwide exposure, and directs the Court to the referenced document for its contents.

57. H&S denies each and every allegation contained in paragraph "57" of Plaintiff's Complaint, except admits that IJL advertises in periodicals, and directs the Court to the referenced document for its contents.

58. H&S admits the allegations contained in paragraph "58" of Plaintiff's Complaint, and directs the Court to the referenced document for its contents.

59. H&S denies each and every allegation contained in paragraph "59" of Plaintiff's Complaint, except admits that advertising efforts are geared toward single men and women, and directs the Court to the referenced document for its contents.

60. H&S denies each and every allegation contained in paragraph "60" of Plaintiff's Complaint, except admits that advertising efforts are geared toward single men and women, and directs the Court to the referenced document for its contents.

61. H&S denies each and every allegation contained in paragraph "61" of Plaintiff's Complaint, except admit Plaintiff was a client.

62. H&S denies each and every allegation contained in paragraph "62" of Plaintiff's Complaint, and directs the Court to the referenced document for its contents.

63. H&S lack sufficient knowledge or information to denies or admit the allegations contained in paragraph "63" of Plaintiff's Complaint, and on that basis denies each and every allegation contained therein, and directs the Court to the referenced document for its contents.

64. H&S denies and every allegation contained in paragraph "64" of Plaintiff's Complaint.

65. H&S denies each and every allegation contained in paragraph "65" of Plaintiff's Complaint and leaves all questions of law to the Court, except admits that an Assurance of Discontinuance with the Attorney General of New York has been entered into, and directs the Court to the referenced document for its contents.

66. H&S denies each and every allegation contained in paragraph "66" of Plaintiff's Complaint and leaves all questions of law to the Court, except admits that an Assurance of Discontinuance with the Attorney General of New York has been entered into, and directs the Court to the referenced document for its contents.

67. H&S denies each and every allegation contained in paragraph "67" of Plaintiff's Complaint, and directs the Court to the referenced document for its contents.

68. H&S denies each and every allegation contained in paragraph "68" of Plaintiff's Complaint.

69. H&S denies each and every allegation contained in paragraph "69" of Plaintiff's Complaint.

### FIRST CLAIM FOR RELIEF

70. Answering paragraph "70", H&S incorporates by reference as though fully set forth herein its answers to paragraphs "1" through "69" above.

71. H&S denies each and every allegation contained in paragraph "71" of Plaintiff's Complaint.

72. H&S denies each and every allegation contained in paragraph "72" of Plaintiff's Complaint.

73. H&S denies each and every allegation contained in paragraph "73" of Plaintiff's Complaint.

74. H&S denies each and every allegation contained in paragraph "74" of Plaintiff's Complaint.

### SECOND CLAIM FOR RELIEF

75. Answering paragraph "75", H&S incorporates by reference as though fully set forth herein its answers to paragraphs "1" through "74" above.

76. H&S denies each and every allegation contained in paragraph "76" of Plaintiff's Complaint.

77. H&S denies each and every allegation contained in paragraph "77" of Plaintiff's Complaint.

78. H&S denies each and every allegation contained in paragraph "78" of Plaintiff's Complaint.

79. H&S denies each and every allegation contained in paragraph "79" of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF

80. Answering paragraph "80", H&S incorporates by reference as though fully set forth herein its answers to paragraphs "1" through "79" above.

81. H&S denies each and every allegation contained in paragraph "81" of Plaintiff's Complaint.

82. H&S denies each and every allegation contained in paragraph "82" of Plaintiff's Complaint.

83. H&S denies each and every allegation contained in paragraph "83" of Plaintiff's Complaint.

84. H&S denies each and every allegation contained in paragraph "84" of Plaintiff's Complaint.

85. H&S denies each and every allegation contained in paragraph "85" of Plaintiff's Complaint.

86. H&S denies each and every allegation contained in paragraph "86" of Plaintiff's Complaint.

### FOURTH CLAIM FOR RELIEF

87. Answering paragraph "87", H&S incorporates by reference as though fully set forth herein its answers to paragraphs "1" through "86" above.

88. H&S denies each and every allegation contained in paragraph "88" of Plaintiff's Complaint.

89. H&S denies each and every allegation contained in paragraph "89" of Plaintiff's Complaint.

90. H&S denies each and every allegation contained in paragraph "90" of Plaintiff's Complaint.

91. H&S denies each and every allegation contained in paragraph "91" of Plaintiff's Complaint.

92. H&S denies each and every allegation contained in paragraph "92" of Plaintiff's Complaint.

93. H&S denies each and every allegation contained in paragraph "93" of Plaintiff's Complaint.

94. H&S denies each and every allegation contained in paragraph "94" of Plaintiff's Complaint.

### FIFTH CLAIM FOR RELIEF

95. Answering paragraph "95", H&S incorporates by reference as though fully set forth herein its answers to paragraphs "1" through "94" above.

96. H&S denies each and every allegation contained in paragraph "96" of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each purported cause of action therein fails to state facts sufficient to constitute a claim against H&S upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint and each purported cause of action therein is barred by applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has failed to plead claims sounding in fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE

4. Any and all claims are barred, in whole or in part, based upon the doctrines of estoppel, waiver, laches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to set forth facts or allegations sufficient to support a claim for punitive damages. To the extent that plaintiff seeks punitive or exemplary damages, these damages are improper and unwarranted, not authorized by law, and are unconstitutional under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff does not have standing to bring an action against H&S under applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred by the doctrine of assumption of risk.

### EIGHTH AFFIRMATIVE DEFENSE

8. H&S complied with all of the terms of the agreement between itself and plaintiff, and satisfactorily performed all of obligations thereunder.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff has failed to establish the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's injuries and damages, if any, are speculative and cannot be shown to exist in fact.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff has failed to mitigate her damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

12. H&S presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. H&S reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

**WHEREFORE**, H&S prays as follows:

(a) That Plaintiff takes nothing by reason of the Complaint, and that the same be dismissed with prejudice;

(b) For costs of suit incurred herein, including reasonable attorneys; fees; and

(c) For such other and further relief as this Court may deem just and proper.

Dated: December 17, 2007
New York, New York

        Yours, etc.
        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

        *John Doody*
        By: _____
        John L. Doody, Esq. (JD-0552)
        Nadia L. Moussa Esq. (NLM-8934)
        *Attorneys for Defendants*
        *HARRY and SALLY, INC.*
        199 Water Street – Suite 2500
        New York, New York 10038
        (212) 232-1300
        (212) 232-1338 fax

To:   John Balestriere
      Craig Stuart Lanza
      Balestriere, PLLC
      25 Broadway, Suite 2700
      New York, New York 10007

(212) 374-5401
(212) 661-8665 fax

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of December, 2007, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

John Balestriere
Craig Stuart Lanza
Balestriere, PLLC
25 Broadway, Suite 2700
New York, New York 10007

*John Doody*

_____
John Doody