UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
E. PACKMAN, individually and for all others similarly          Docket No.: 07 CIV 9227
situated,

                            Plaintiff,          **ANSWER AND**
    -against-          **AFFIRMATIVE DEFENSES**

ITS  JUST  LUNCH  INTERNATIONAL,  ITS  JUST
LUNCH, INC. and HARRY and SALLY, INC.,

                       Defendants.
----------------------------------------------------------------------X

         Defendants ITS JUST LUNCH INTERNATIONAL ("IJL"), and ITS JUST

LUNCH, INC., (hereinafter collectively referred to as the "Defendants"), by their attorneys

Lewis Brisbois Bisgaard & Smith, LLP, sets forth the following Answer and Affirmative

Defenses to E. Packman's ("Plaintiff") Complaint:

## PRELIMINARY STATEMENT

      1.     Defendants  deny  each  and  every  allegation  contained  in  paragraph  "1"  of

Plaintiff's Complaint, except admit that IJL is a dating service.

      2.     Defendants  deny  each  and  every  allegation  contained  in  paragraph  "2"  of

Plaintiff's Complaint.

      3.     Defendants  deny  each  and  every  allegation  contained  in  paragraph  "3"  of

Plaintiff's Complaint.

## The Lies On ILJ's Website

      4.     Defendants  admit  the  allegations  contained  in  paragraph  "4"  of  Plaintiff's

Complaint.

      5.     Defendants  deny  each  and  every  allegation  contained  in  paragraph  "5"  of

Plaintiff's Complaint.

6. Defendants deny each and every allegation in paragraph "6" of Plaintiff's Complaint except admit that quoted items appear on the website.

7. Defendants deny each and every allegation contained in paragraph "7" of Plaintiff's Complaint.

## The Lies During the Initial Interview

8. Defendants deny each and every allegation contained in paragraph "8" of Plaintiff's Complaint.

9. Defendants deny each and every allegation contained in paragraph "9" of Plaintiff's Complaint.

10. Defendants deny each and every allegation contained in paragraph "10" of Plaintiff's Complaint, except admit that IJL trains sales directors with the assistance of a sales script.

11. Defendants deny each and every allegation contained in paragraph "11" of Plaintiff's Complaint except admit that that Defendants pursue prospective clients after they initially contact IJL.

12. Defendants deny each and every allegation contained in paragraph "12" of Plaintiff's Complaint, except admit that IJL trains sales directors with the assistance of a sales script.

## The Lies About The Qualifications of Prospective Matches

13. Defendants deny each and every allegation contained in paragraph "13" of Plaintiff's Complaint.

14. Defendants deny each and every allegation contained in paragraph "14" of Plaintiff's Complaint.

**ILJ's Violation of Consumer Fraud Protection Laws**

15.     Defendants deny each and every allegation contained in paragraph "15" of Plaintiff's Complaint.

16.     Defendants deny each and every allegation contained in paragraph "16" of Plaintiff's Complaint, and leave all questions of law to the Court at the time of trial, but admit that IJL has entered into an Assurance of Discontinuance with the Attorney General of New York.

17.     Defendants deny each and every allegation contained in paragraph "17" of Plaintiff's Complaint but admit that IJL has entered into an Assurance of Discontinuance with the Attorney General of New York.

**The Lies in IJL's Public Relations Campaign**

18.     Defendants deny each and every allegation contained in paragraph "18" of Plaintiff's Complaint.

19.     Defendants deny each and every allegation contained in paragraph "19" of Plaintiff's Complaint, except admit that their services have resulted in thousands of marriages.

20.     Defendants deny each and every allegation contained in paragraph "20" of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

21.     Defendants lack sufficient knowledge or information to deny or admit the allegations contained in paragraph "21" of Plaintiff's Complaint, and on that basis deny each and every allegation contained therein.

22.     Defendants deny each and every allegation contained in paragraph "22" of Plaintiff's Complaint, except admit that Defendants operate franchises in the State of New York.

23.    Defendants lack sufficient knowledge or information to deny or admit the allegations contained in paragraph "23" of Plaintiff's Complaint, and on that basis deny each and every allegation contained therein.

## PARTIES

24.    Defendants lack sufficient knowledge or information to deny or admit the allegations contained in paragraph "24" of Plaintiff's Complaint, and on that basis deny each and every allegation contained therein except to the extent it alleges that Plaintiff was a client of the Defendants.

25.    Defendants admit the allegations contained in paragraph "25" of Plaintiff's Complaint.

26.    Defendants deny each and every allegation contained in paragraph "26" of Plaintiff's Complaint and leave all questions of law to the court at the time of trial, but admit that IJL sells franchises that operate under the name "It's Just Lunch" and that it provides training to its franchisees.

27.    Defendants admit the allegations contained in paragraph "27" of Plaintiff's Complaint.

28.    Defendants lack sufficient knowledge or information to deny or admit the allegations contained in paragraph "28" of Plaintiff's Complaint, and on that basis deny each and every allegation contained therein.

29.    Defendants lack sufficient knowledge or information to deny or admit the allegations contained in paragraph "29" of Plaintiff's Complaint, and on that basis deny each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

30.    Defendants deny each and every allegation contained in paragraph "30" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial.

31.    Defendants deny each and every allegation contained in paragraph "31" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial.

32.    Defendants deny each and every allegation contained in paragraph "32" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial.

33.    Defendants deny each and every allegation contained in paragraph "33" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial.

## STATEMENT OF FACTS

### IJL'S Origins and Growth

34.    Defendants admit the allegations contained in paragraph "34" of Plaintiff's Complaint to the extent it alleges that IJL was founded in 1991 in Chicago by Andrea McGinty.

35.    Defendants deny each and every allegation contained in paragraph "35" of Plaintiff's Complaint except admit that Mr. Dolan submitted a statement in response to the false claims made on the consumeraffairs.com website.

36.    Defendants admit the allegations contained in paragraph "36" of Plaintiff's Complaint to the extent it alleges that IJL currently has thousands of members.

37.    Defendants admit the allegations contained in paragraph "37" of Plaintiff's Complaint to the extent it alleges that IJL arranges thousands of dates each month and has set up millions of dates since its inception.

38.    Defendants admit the allegations contained in paragraph "38" of Plaintiff's Complaint to the extent it alleges that ILJ has offices in the U.S., Canada and Asia and that it generates revenues each year.

## IJL Franchises: Staffing and Structure

39.     Defendants deny each and every allegation contained in paragraph "39" of Plaintiff's Complaint.

40.     Defendants deny each and every allegation contained in paragraph "40" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial.

## IJL's Control of Its Franchisees

41.     Defendants deny each and every allegation contained in paragraph "41" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial.

42.     Defendants deny each and every allegation contained in paragraph "42" of Plaintiff's Complaint except admit that there is a training program.

43.     Defendants deny each and every allegation contained in paragraph "43" of Plaintiff's Complaint.

44.     Defendants deny each and every allegation contained in paragraph "44" of Plaintiff's Complaint except admit that attendees memorize a sales script.

45.     Defendants deny each and every allegation contained in paragraph "45" of Plaintiff's Complaint except admit that role playing is utilized in the training process which is overseen by an IJL instructor.

46.     Defendants deny each and every allegation contained in paragraph "46" of Plaintiff's Complaint.

## IJL's Covert Monitoring of Its Franchisees

47.     Defendants deny each and every allegation contained in paragraph "47" of Plaintiff's Complaint.

48.     Defendants deny each and every allegation contained in paragraph "48" of Plaintiff's Complaint.

49.    Defendants deny each and every allegation contained in paragraph "49" of Plaintiff's Complaint.

### IJL's "All-or-Nothing" Quota System

50.    Defendants deny each and every allegation contained in paragraph "50" of Plaintiff's Complaint.

51.    Defendants deny each and every allegation contained in paragraph "51" of Plaintiff's Complaint.

52.    Defendants deny each and every allegation contained in paragraph "52" of Plaintiff's Complaint.

53.    Defendants deny each and every allegation contained in paragraph "53" of Plaintiff's Complaint.

### IJL's Extraction of Monthly Payments From Its Franchisees

54.    Defendants deny each and every allegation contained in paragraph "54" of Plaintiff's Complaint except admit IJL receives royalty payments from its franchisees.

55.    Defendants deny each and every allegation contained in paragraph "55" of Plaintiff's Complaint except admit that IJL receives royalty payments and receives a franchise fee when a franchise is first started.

### IJL's Massive Public Relations Campaign

56.    Defendants deny each and every allegation contained in paragraph "56" of Plaintiff's Complaint except admit that IJL has received worldwide exposure.

57.    Defendants deny each and every allegation contained in paragraph "57" of Plaintiff's Complaint except admit that IJL advertises in periodicals.

58.    Defendants admit the allegations contained in paragraph "58" of Plaintiff's Complaint.

### IJL's Target Market: "Busy Professionals"

59.     Defendants deny each and every allegation contained in paragraph "59" of Plaintiff's Complaint except admit that advertising efforts are geared toward single men and women.

60.     Defendants deny each and every allegation contained in paragraph "60" of Plaintiff's Complaint but admit that advertising efforts are geared toward single men and women.

61.     Defendants deny each and every allegation contained in paragraph "61" of Plaintiff's Complaint except admit Plaintiff was a client.

### Consumer Complaints Against IJL

62.     Defendants deny each and every allegation contained in paragraph "62" of Plaintiff's Complaint.

63.     Defendants lack sufficient knowledge or information to deny or admit the allegations contained in paragraph "63" of Plaintiff's Complaint, and on that basis deny each and every allegation contained therein.

64.     Defendants deny and every allegation contained in paragraph "64" of Plaintiff's Complaint.

### Government Investigations Into IJL

65.     Defendants deny each and every allegation contained in paragraph "65" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial, except admit that IJL has entered into an Assurance of Discontinuance with the Attorney General of New York.

66.     Defendants deny each and every allegation contained in paragraph "66" of Plaintiff's Complaint and leave all questions of law to the Court at the time of trial, except admit

that IJL has entered into an Assurance of Discontinuance with the Attorney General of New York.

67.     Defendants deny each and every allegation contained in paragraph "67" of Plaintiff's Complaint, and refer to Exhibit.

### The Necessity For This Class Action

68.     Defendants deny each and every allegation contained in paragraph "68" of Plaintiff's Complaint.

69.     Defendants deny each and every allegation contained in paragraph "69" of Plaintiff's Complaint.

### FIRST CLAIM FOR RELIEF

70.     Answering paragraph "70", Defendants incorporates by reference as though fully set forth herein their answers to paragraphs "1" through "69" above.

71.     Defendants deny each and every allegation contained in paragraph "71" of Plaintiff's Complaint.

72.     Defendants deny each and every allegation contained in paragraph "72" of Plaintiff's Complaint.

73.     Defendants deny each and every allegation contained in paragraph "73" of Plaintiff's Complaint.

74.     Defendants deny each and every allegation contained in paragraph "74" of Plaintiff's Complaint.

### SECOND CLAIM FOR RELIEF

75.     Answering paragraph "75", Defendants incorporates by reference as though fully set forth herein their answers to paragraphs "1" through "74" above.

76.    Defendants deny each and every allegation contained in paragraph "76" of Plaintiff's Complaint.

77.    Defendants deny each and every allegation contained in paragraph "77" of Plaintiff's Complaint.

78.    Defendants deny each and every allegation contained in paragraph "78" of Plaintiff's Complaint.

79.    Defendants deny each and every allegation contained in paragraph "79" of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

80.    Answering paragraph "80", Defendants incorporates by reference as though fully set forth herein their answers to paragraphs "1" through "79" above.

81.    Defendants deny each and every allegation contained in paragraph "81" of Plaintiff's Complaint.

82.    Defendants deny each and every allegation contained in paragraph "82" of Plaintiff's Complaint.

83.    Defendants deny each and every allegation contained in paragraph "83" of Plaintiff's Complaint.

84.    Defendants deny each and every allegation contained in paragraph "84" of Plaintiff's Complaint.

85.    Defendants deny each and every allegation contained in paragraph "85" of Plaintiff's Complaint.

86.    Defendants deny each and every allegation contained in paragraph "86" of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

87.     Answering paragraph "87", Defendants incorporates by reference as though fully set forth herein their answers to paragraphs "1" through "86" above.

88.     Defendants deny each and every allegation contained in paragraph "88" of Plaintiff's Complaint.

89.     Defendants deny each and every allegation contained in paragraph "89" of Plaintiff's Complaint.

90.     Defendants deny each and every allegation contained in paragraph "90" of Plaintiff's Complaint.

91.     Defendants deny each and every allegation contained in paragraph "91" of Plaintiff's Complaint.

92.     Defendants deny each and every allegation contained in paragraph "92" of Plaintiff's Complaint.

93.     Defendants deny each and every allegation contained in paragraph "93" of Plaintiff's Complaint.

94.     Defendants deny each and every allegation contained in paragraph "94" of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

95.     Answering paragraph "95", Defendants incorporates by reference as though fully set forth herein their answers to paragraphs "1" through "94" above.

96.     Defendants deny each and every allegation contained in paragraph "96" of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint and each purported cause of action therein fails to state facts sufficient to constitute a claim against defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      The Complaint and each purported cause of action therein is barred by applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff has failed to plead claims sounding in fraud with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

4.      Any and all claims are barred, in whole or in part, based upon the doctrines of estoppel, waiver, laches and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff has failed to set forth facts or allegations sufficient to support a claim for punitive damages. To the extent that plaintiff seeks punitive or exemplary damages, these damages are improper and unwarranted, not authorized by law, and are unconstitutional under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff does not have standing to bring an action against the defendants under applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred by the doctrine of assumption of risk.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Defendants complied with all of the terms of the agreement between itself and plaintiff, and satisfactorily performed all of obligations thereunder.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff has failed to establish the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's injuries and damages, if any, are speculative and cannot be shown to exist in fact.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff has failed to mitigate her damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. Defendants reserve the right to assert additional defenses in the event discovery indicates they would be appropriate.

**WHEREFORE** , Defendants pray as follows:

(a)    That Plaintiff takes nothing by reason of the Complaint, and that the same be dismissed with prejudice;

(b) For costs of suit incurred herein, including reasonable attorneys; fees; and

(c) For such other and further relief as this Court may deem just and proper.

Dated:  December 17, 2007
New York, New York

Yours, etc.
**LEWIS BRISBOIS BISGAARD & SMITH LLP**


*John Doody*

By: _____

John L. Doody, Esq. (JD-0552)
Nadia L. Moussa Esq. (NLM-8934)
*Attorneys for Defendants*
*ITS JUST LUNCH INTERNATIONAL and*
*ITS JUST LUNCH, INC.*
199 Water Street – Suite 2500
New York, New York 10038
(212) 232-1300
(212) 232-1338 fax

To:    John Balestriere
Craig Stuart Lanza
Balestriere, PLLC
25 Broadway, Suite 2700
New York, New York 10007
(212) 374-5401
(212) 661-8665 fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th of December, 2007, the foregoing documents were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

John Balestriere
Craig Stuart Lanza
Balestriere, PLLC
25 Broadway, Suite 2700
New York, New York 10007

*John Doody*

—————————————————
John Doody