UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**EINAT PACKMAN**, Individually and for all others
similarly situated,

                Plaintiff,

    -against-                                    07 CV 9227 (SHS)

IT'S JUST LUNCH INTERNATIONAL, IT'S JUST LUNCH,
INC., and HARRY and SALLY, INC.,

                Defendants.
------------------------------------------------------------------X

## STIPULATION AND PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information as permitted by Rule 26(c) of the Rules of Civil Procedure as it relates to discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that in good faith the designating party believes contains confidential information. CONFIDENTIAL

information shall not be disclosed or used for any purpose except the mediation and/or preparation and trial of this case.

4.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including their agents;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5.   Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such

acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. The parties may designate certain CONFIDENTIAL information which is of an extraordinarily high confidential and/or proprietary nature as "CONFIDENTIAL— ATTORNEYS EYES ONLY" (hereinafter, "Counsel-Only Material"), in the manner described in paragraphs 6 and 7, above. Such designation shall not be used routinely. Counsel-Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to experts who execute the written acknowledgement described in paragraph 5 above. A party shall have no rights of discovery with respect to such expert merely because of disclosure to such expert of CONFIDENTIAL information or Counsel-Only Material. If disclosure of Counsel-Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply,

except where inconsistent with this paragraph. Notwithstanding the foregoing, information that is Counsel-Only Material and pertains to either Defendants' revenues, expenses and/or profit margins may also be disclosed to and discussed with plaintiff, *provided that* plaintiff shall not ever take physical possession of such Counsel-Only Material, copies thereof or notes, memoranda or other material containing or reflecting such information.

9. If, after the exercise of due care, certain CONFIDENTIAL information or Counsel-Only Material is inadvertently not labeled as such by the producing party, the producing party may subsequently request of the receiving party that the receiving party accept substitute, properly labeled copies and that the receiving party thereafter treat such materials and information as CONFIDENTIAL information or Counsel-Only Material, as the case may be, pursuant to this Order. If the receiving party refuses such a request, then the producing party may file a motion with Court seeking an order directing the receiving party to treat the materials and information as CONFIDENTIAL information or Counsel-Only Material, as the case may be, pursuant to this Order. If such a motion is made, the receiving party shall, until such time, if ever, as the motion is denied, treat the materials and information as CONFIDENTIAL information or Counsel-Only Material, as the case may be, pursuant to this Order.

10. If Counsel-Only Material is included in any papers to be filed with the Court, such papers shall be filed in a sealed envelope clearly labeled "CONFIDENTIAL— DISCLOSE ONLY SUBJECT TO COURT'S ORDER" and filed under seal until further order of the Court.

11. A party may object to the designation of particular CONFIDENTIAL information or Counsel-Only Material by giving written notice to the party designating the

disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, as the case may be, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, as the case may be, and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY.

12.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL and

CONFIDENTIAL—ATTORNEYS EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED on _____, 2008.

_____
District Court Judge

SO STIPULATED

| **LEWIS BRISBOIS BISGAARD & SMITH** | **BALLESTRIERE, PLLC.** |
|---|---|
| By: _____ | By: _____ |
| John L. Doody, Esq. (JD-0552) | Jon L. Norinsberg (JN2133) |
| Nadia L. Moussa, Esq. (NLM-8934) | Attorney for Plaintiffs |
| Attorneys for Defendant | 225 Broadway, Suite 2700 |
| 199 Water Street, Suite 2500 | New York, N.Y. 10007 |
| New York, NY 10038 | (212) 791-5396 |
| (212) 232-1300 | |