UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
E. PACKMAN, individually and for all          : Index No. 07-CV-9227
others similarly situated,                    :
                                              : ECF
                    Plaintiff,                :
                                              :
     - against -                              :
                                              :
IT'S JUST LUNCH INTERNATIONAL, IT'S           :
JUST LUNCH, INC., and HARRY AND               :
SALLY, INC.,                                  :
                                              :
                    Defendants.               :
                                              :
------------------------------------------------------------- x


# MEMORADUM OF LAW IN SUPPORT OF PLAINTIFF'S
# MOTION TO SUBSTITUTE LEAD PLAINTIFF

 

Craig Stuart Lanza (CL-2452)
Jon Norinsberg (JN-2133)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................iii

PRELIMINARY STATEMENT........................................................................................... 1

STATEMENT OF FACTS ………………………………………………….........……………1

ARGUMENT ........................................................................................................................ 4

    EINAT PACKMAN IS AN INADEQUATE CLASS
    REPRESENTANTIVE AND SHOULD BE ALLOWED TO WITHDRAW
    AS LEAD PLANITIFF…………………………………......................................…..4

    THE PROPOSED CLASS MEMBERS SHOULD BE PERMITTED TO
    INTERVENE AS CLASS REPRESENTATIVES ................................................... 5

    SUBSTITUTION OF EINAT PACKMAN WITH THE PROPOSED CLASS
    MEMBERS WILL NOT PREJUDICE DEFENDANTS………………........…………….6

    LEAVE TO AMEND LEAD PLAINTIFF SHOULD BE FREELY
    GRANTED WHEN JUSTICE REQUIRES.................................…………………..….8

CONCLUSION ..................................................................................................................... 8

## **TABLE OF AUTHORITIES**

### CASES

*Conafay v. Wyeth Labs. Div. of Am. Home Products Corp.*, 793 F.2d 350
  (D.C. Cir. 1986). .................................................................................................... 4
*Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60
  (E.D.N.Y. 2005) ..................................................................................................... 6
*Goodman v. Schlessinger*, 584 F.2d 1325 (4th Cir. 1978) ........................................... 6
*In re Avon Sec. Litig.*, No. 91 Civ. 2287, 1998 U.S. Dist. LEXIS 18642
  (S.D.N.Y. Nov. 30, 1998) ................................................................................... 4, 7
*In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409,
  2004 U.S. Dist LEXIS 22132 (S.D.N.Y. Nov. 3, 2004) ......................................... 4
*In re Nat'l Australia Bank Securities Litig.*, 03 Civ. 6537,
  2006 U.S. Dist. LEXIS 94163, (S.D.N.Y. Nov. 8, 2006) ................................... 5, 7
*In re Thornburgh*, 869 F.2d 1503, 1509 (D.C. Cir. 1989) ........................................... 5
*Maywalt v. Parker & Parsley Petroleum Co.*, 67 F. 3d 1072, 1077
  (2d. Cir. 1995). ....................................................................................................... 4
*Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 29 (2d. Cir. 1995)………………..8
*Norman v. Conn. State. Bd. of Parole*, 458 F.2d 497, 499 (2d. Cir. 1972). ................. 6
*Silva v. Vowell*, 621 F.2d 640 (5th Cir. 1980) ............................................................. 6
*Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004) .......................................... 6

### TREATIES

Newberg on Class Actions § 2:26 (4th ed. 2006) ......................................................... 5

**PRELIMINARY STATEMENT**

Lead plaintiff for the class, Einat Packman ("Packman"), unexpectedly would like to withdraw from the action. As a result Packman will not be an adequate representative for the class group, and counsel for Packman and the putative class is requesting a substitution of lead plaintiff. Given that this case is still in its preliminary stage, substituting the lead plaintiff will advance the interests of the class and will not in any prejudice towards Defendant. Therefore, this motion should be granted.

Based on the foregoing, pursuant to Federal Rules of Civil Procedure 15, 20, 23(a)(4), 24(b) Plaintiff's Counsel for the putative class respectfully requests that this Court issue an Order: (1) allowing Einat Packman to withdraw as lead plaintiff; (2) allowing Christina Rodriquez, Sandra Burga, Karen Malak, James Tortora, Lisa Bruno, Janeen Cameron, and Karen McBride to intervene and become the new designated class representatives; and (3) granting leave to file an amended complaint reflecting the above substitution of parties.

**STATEMENT OF FACTS**

For years, Defendants It's Just Lunch International, It's Just Lunch Inc., and Harry and Sally, Inc. ("IJL") perpetrated a wide ranging fraud, with at least tens of thousands of victims. (Compl.) IJL mischaracterized itself as a luxury personalized dating service for professionals when, in fact, it provided none of the services it promised. (Id.) IJL categorically misrepresented itself to be a "personalized, sophisticated, thoughtful matchmaking service provided by highly trained experts." (Id.) Yet, IJL had no experts, and did not do any personalized matchmaking at all. (Id.)

1

On October 15, 2007, Packman and her counsel Balestriere Lanza PLLC filed the Complaint alleging, *inter alia*, that Defendant had committed fraud and violated New York General Business Law 349 for false advertising.

<u>Contact from Potential Plaintiffs</u>

Not long after filing the Complaint, *The New York Post,* and *ABC News* reported on the allegations outlined in the Complaint. In response, IJL issued a press release in October 2007 addressing the allegations. As a result of the press coverage, approximately 55 former IJL clients and potential class members contacted Balestriere Lanza PLLC. (Declaration of Craig Lanza ¶ 4.)

<u>Einat Packman's Reluctance to Pursue this Action</u>

The current named plaintiff, Packman, recently indicated an unwillingness to go forward as the lead plaintiff in this matter. On May 13, 2008, Plaintiff's Counsel Craig Lanza ("Lanza") spoke on the phone with Packman regarding preparation for an upcoming deposition. (Lanza Decl. ¶ 7.) Packman and Lanza arranged a time to meet. (Lanza Decl. ¶ 7.) Lanza sent a follow-up email after the conversation confirming what had just transpired. (Lanza Decl. ¶ 7.) Two days later, on May 15, 2008, Packman emailed Lanza suggesting Lanza and Packman meet somewhere near Packman's neighborhood in order to discuss the upcoming deposition. (Lanza Decl. Ex. A.) Lanza and Packman agreed that on Wednesday May 21, 2008, at approximately 8 p.m. a meeting would occur. (Lanza Decl. Ex. A.)

However, no meeting took place on Wednesday, May 21, 2008. That night Packman called Lanza at approximately 7 p.m. leaving a voice mail message. (Lanza

Decl. ¶ 9.) The message stated, in sum and substance, that Packman had spoken with her parents and no longer felt that serving as lead plaintiff was a good idea. (Lanza Decl. ¶ 9.) Packman stated she thought Balestriere Lanza PLLC should go with one of the other plaintiffs instead and that Packman was not the best person to go forward on the case. (Lanza Decl. ¶ 9.) At no time did Packman distance herself from her earlier assertions of IJL's fraud. (Lanza Decl. ¶ 9.) On May 22, 2008, at approximately 9:30 a.m., Lanza notified Defendants' counsel, Bari Klein, regarding Packman's phone message. Immediately thereafter, Lanza called the Court to apprise the Court of the situation. (Lanza Decl. ¶ 10.)

<u>Proposed Class Representatives</u>

Christine Rodriguez is a former Manhattan Assistant District Attorney and an attorney with a solo practice. She is eager to serve as lead plaintiff in this matter. Ms. Rodriguez contacted Balestriere Lanza PLLC on December 27, 2007, after reading the firm's website and signed an engagement letter on January 3, 2008. (Lanza Decl. ¶ 6.)

Sandra Burga is from Los Angles, California where she works as an architect. She contacted Balestriere Lanza on November 6, 2007, after reading about the lawsuit in a New York Times article. Janeen Cameron lives in Denver, Colorado, where she works as a Program Director for Sunrise Communities. She contacted Balestriere Lanza on November 29, 2007. Karen Malak lives in Chicago, Illinois and she contacted Balestriere Lanza PLLC after her boyfriend observed the story on television. Lisa Bruno resides in Kings County, New York, works at the Conservation Department in Brooklyn, New York, and contacted Balestriere Lanza PLLC on October 23, 2007.

3

**ARGUMENT**

**POINT I**

**EINAT PACKMAN IS AN INADEQUATE CLASS REPRESENTATIVE AND SHOULD BE ALLOWED TO WITHDRAW AS LEAD PLAINTIFF**

Packman's continued involvement in this case might jeopardize the interests of absent class members. Due to Packman's unwillingness to participate, the class will not have adequate representation.

It is well established that an inappropriate plaintiff should be allowed to withdraw when their presence can jeopardize the putative class's interests. See In re Currency Conversion Fee Antitrust Litigation, MDL No. 1409, 2004 U.S. Dist. LEXIS 22132, at *5 (S.D.N.Y. Nov. 3, 2004) (granting withdrawal of lead plaintiffs "[t]o ensure that reluctant plaintiffs do not jeopardize the interests of absent class members"); see also Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077 (2d Cir. 1995); In re Avon Securities Litigation, No. 91 Civ. 2287, 1998 U.S. Dist. LEXIS 18642, at *31 (S.D.N.Y. Nov. 30, 1998) (explaining that "[e]ven before a class has been certified, counsel for the putative class owes a fiduciary duty to the class"); accord Conafay v. Wyeth Laboratories Division of American Home Products Corp., 793 F.2d 350, 353 (D.C. Cir. 1986) (noting that in federal practice, voluntary dismissals sought in good faith are generally granted "unless the defendant would suffer prejudice other than the prospect of second lawsuit or some tactical disadvantage").

Packman's capricious volte-face on serving as lead plaintiff shows that her continued involvement in the case hurts the putative class. Packman's lack of

cooperation occurred suddenly and is evidence of such a degree of unreliability that the class can no longer expect Packman to act as any sort of representative at all.

Under such circumstances, withdrawal of Packman as lead plaintiff is warranted, and the Court should grant Plaintiff's motion to substitute Packman.

## POINT II

### THE PROPOSED CLASS MEMBERS SHOULD BE PERMITTED TO INTERVENE AS CLASS REPRESENTATIVES

The Court should grant Plaintiff's motion and allow Rodriguez, Burga, Tortora, McBride, Malak, Cameron, and Bruno to act as lead Plaintiff in Packman's place.

"[C]ourts not only may, but should, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative. Such action is especially appropriate where the reason for mootness has only individual rather than class-wide impact." See In re National Australia Bank Securities Litigation, 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, (S.D.N.Y. Nov. 8, 2006) (quoting In re Thornburgh, 869 F.2d 1503, 1509 (D.C. Cir. 1989)). The Court in National Australian Bank Securities Litigation granted an application to substitute a new class representative based on the inadequacy of lead plaintiff's individual cause of action, and the Court held the defendants' mootness argument was against "the great weight of authority."

The substitution of a class plaintiff is a common occurrence. See 1 Newburg on Class Actions § 2:26 (4th ed. 2006) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them

5

as class representatives."); Norman v. Conn. State Board of Parole, 458 F.2d 497, 499 (2d Cir. 1972) (remanding case to allow 30 days for another member of the putative class to intervene where claims of sole lead plaintiff were moot); Silva v. Vowell, 621 F.2d 640, 650 (5th Cir. 1980); Goodman v. Schlessinger, 584 F.2d 1325, 1332-3 (4th Cir. 1978) (remanding to allow counsel a "reasonable time" to find new plaintiffs with live claims); Eckert v. Equitable Life Assurance Society of U.S., 227 F.R.D 60, 63 (E.D.N.Y. March 14, 2005) (citing Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004) (rejecting defendant's claim to substitution when action was rendered moot where lead plaintiff settled claims and putative class member was granted leave to intervene because "once a class has been certified, mooting a class representative's claim does not moot the entire action because the class acquires[s] a legal status separate from the interest asserted by the named plaintiff.")).

In the present situation, Plaintiff is not even requesting "reasonable time" to find a new plaintiff but, rather, is asking the Court to make an immediate substitution in order to avoid needless delay. Thus, the Court should permit the proposed class members to intervene for the sake of the class.

## POINT III

### SUBSTITUTION OF EINAT PACKMAN WITH THE PROPOSED CLASS MEMBERS WILL NOT PREJUDICE DEFENDANTS

Defendants have indicated in open court they intend to oppose Plaintiff's application to substitute a new lead plaintiff in this action. There is simply no basis for such opposition as Defendants are not prejudiced by the motion for substitution.

Defendant's rejection of a lead plaintiff substitution is unwarranted and appears to be part of an overarching strategy to further delay the proceedings.

Courts frequently grant such a motion to substitute absent a showing of prejudice. See In re National Australia Bank Securities Litigation., 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, at *20 (S.D.N.Y. Nov. 8, 2006) (rejecting defendants' claim of prejudice and allowing substitution of new lead plaintiff); In re Avon Securities Litigation., No. 91 Civ. 2287, 1998 U.S. Dist. LEXIS 18642, at *30 (S.D.N.Y. Nov. 30, 1998) (allowing plaintiff's counsel to substitute class representatives where "success in asserting [plaintiff's] rights . . . is dependent upon the joinder of others.").

In this case, Defendants have not yet deposed Packman, and thus, cannot possibly claim any prejudice as a result of the proposed substitution. Defendants can offer no justification for asserting why the proposed substitution of lead plaintiffs would be prejudicial. Lastly, plaintiff has not yet had an opportunity to depose any of IJL's witnesses, and thus, there is no risk of duplicate discovery. IJL has consistently attempted to slow down the speed of this litigation to the pace of a crawl. IJL's opposition to this motion serves no purpose but to delay justice. Plaintiff's counsel has been contacted by scores of potential lead plaintiffs. Even if IJL managed to prevent a substitution here, Plaintiff's counsel could merely file another complaint. Thus, IJL's opposition serves no function but aimless obstruction.

## POINT IV

**LEAVE TO AMEND SHOULD BE FREELY GRANTED WHEN JUSTICE REQUIRES**

After a response to a complaint has been made, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. Rule 15(a). "However, Rule 15(a) specifies that "leave shall be freely given when justice so requires," and the Supreme Court has emphasized that amendments should normally be permitted." Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 29 (2d. Cir. 1995). The substitution of Packman, with a proposed class member, is required here so that Defendants are not prejudiced and justice requires that the seven proposed class members be given on opportunity serve as class representatives so that the putative class can have their claims heard. Accordingly, Plaintiff respectfully requests leave to file an amended complaint as proposed herein. (Lanza Decl. Ex. A.)

## CONCLUSION

For all of the reasons set forth above, we respectfully request the Court to issue an Order granting leave to substitute a new class representative: allowing Einat Packman to withdraw as lead plaintiff and allowing other class members to intervene and become the new designated class representatives in this action.

|  |  |
|---|---|
| Dated: New York, New York<br>June 6, 2008 | Respectfully submitted,<br><br>_s/ Craig Stuart Lanza_<br>Craig Stuart Lanza (CL-2452)<br>Jon Norinsberg (JN-2133)<br>John Balestriere (JB- 3247)<br>**BALESTRIERE LANZA PLLC**<br>225 Broadway, Suite 2900<br>New York, NY 10007<br>Telephone:   (212) 374-5400<br>Facsimile:    (212) 208-2613<br>_Attorneys for Plaintiff_ |

9

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the following counsel of record on June 6, 2008, via the methods listed below:

**By ECF and First Class Mail**
Bari Klein
Lewis Brisbois Bisgaard & Smith LLP
199 Water Street, Suite 2500
New York, NY 10038
*Attorneys for Defendants*

      *s/ Craig Stuart Lanza*
      Craig Stuart Lanza
      **BALESTRIERE LANZA PLLC**
      225 Broadway, Suite 2900
      New York, NY 10007
      Telephone:   (212) 374-5404
      Facsimile:    (212) 208-2613
      *Attorneys for Plaintiff*