UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
EINAT PACKMAN, Individually and for all others  :
Similarly situated,  :
  :
               Plaintiff,  : Civil Case No.: 07-CV-9227
  :
  : **REPLY OPPOSITION TO**
  : **COUNSELS**
    -against-  : **MOTION TO SUBSTITUTE**
  :
IT'S JUST LUNCH INTERNATIONAL,  :
IT'S JUST LUNCH, INC. and HARRY and SALLY, INC.,  :
  :
  :
             Defendant.  :
--------------------------------------------------------------------X

## Defendants, ITS JUST LUNCH & HARRY & SALLY'S OPPOSITION TO COUNSEL'S MOTION TO SUBSTITUTE PLAINTIFF, E. PACKMAN

## THE COURT SHOULD NOT ALLOW SUBSTITUTION AS THE SEVEN IDENTIFIED PERSONS DO NOT HAVE STANDING TO SUE

Counsel's papers failed to provide any affidavits or detail any injury allegedly suffered by the persons he identified. Towards that end, Ms. Wilson, a paralegal with Defendant, IJL conducted a comprehensive search of the individuals counsel identified. Attached hereto as Exhibit "A" is an affidavit by Ms. Wilson attesting that she was unable to locate one of the persons identified in counsel's papers, "James Tortora" with the limited information counsel provided of just his first and last name.

Counsels motion to substitute Plaintiff, E. Packman with any other Individual(s) in the case at bar should be dismissed because none of the proposed class members have standing to be substituted.

Standing is an essential and unchanging component of the case-or-controversy requirement of Article III. There are three fundamental constitutional standing requirements: (1) Injury in fact, which must be: (1) concrete and particularized, and (b) actual or imminent, (2) a casual connection between the injury and the defendant's conduct; and (3) the injury must be likely to be redressed by a favorable decision. *Access 4 All, Inc. v. Trump International Hotel and Tower Condominium*, 458 F. Supp 2d 160, 168 (2006). citations omitted. Each element must be proven with the "manner and degree of evidence required." *Id.* 168. citations omitted.

Plaintiffs bear the burden of establishing standing. A plaintiff's standing is evaluated at the time the complaint is filed. *Id.* 168. The mere fact that plaintiff filed the instant matter, "individually and for all other similarly situated" is not enough to grant standing to anyone other than herself as there has been no adjudication by the Court of "class certification." There are several requirements

which plaintiff must prove prior to class certification. As class certification is not before the Court at this time, defendants do not need to litigate the reasons the court should deny certification. Notwithstanding, since no class has been certified counsel should not be allowed to circumvent Constitutional obligations for their convenience.

The filing of suit as a class action does *not* relax the jurisdictional requirement of standing. Parks v. Dick's Sporting Goods, *2006 U.S. Dist. Lexis 39763 (2006)*. In Parks, the Court entertained a motion to dismiss the complaint prior to class certification. *Id.* 7. It reasoned that "when considering standing, the Court must look at the named plaintiff or plaintiffs, not the unnamed class members." *Id.* 9. Defendants respectfully argue that the instant Court should follow the principles of Article III and its applicability to the unnamed and unrepresented potential class members and determine that they lack standing to be substituted.

Of note, counsel's papers failed to provide any affidavits or detail any injury allegedly suffered by the persons they identified. Towards that end, Ms. Wilson, a paralegal with Defendant, IJL conducted a comprehensive search of the individuals counsel identified. Attached hereto as Exhibit "A" is an affidavit by Ms. Wilson attesting that she was unable to locate one of the persons identified in counsel's papers, "James Tortora" with the limited information counsel provided of just his first and last name.

Without more than names, this reasons that there is no credible evidence before this court that any of the seven (7) persons identified to be substituted had the requisite knowledge of the alleged fraud when the compliant was filed. "Standing allegations cannot be inferred, but must 'affirmatively appear in the record.'" *Trump International Hotel and Tower Condominium*, at 175. citations omitted. The Trump Court, found that members of the class that did not know of the violations at the time of the complaint could not establish the requisite element of standing to wit, injury-in-fact. Further, members were only entitled to sue for a violation that they knew of and was effected by. As such, standing fails as a matter of law.

## THE COURT LACKS JURISDICTION TO SUBSTITUTE THE PLAINTIFF AS THERE IS NO CLASS CERTIFICATION

Counsels reliance on Rule 23 of the Federal Rules of Civil Procedure is fundamentally flawed and misguided.

Fed. R. Civ. P. 23 governs class actions. To date, there is no class action. District Courts are to conduct a rigorous analysis to ascertain whether the requirements of Rule 23 have been satisfied. *Burley v. The City of New* York, 2005 U.S. Dist. Lexis 4439. This principle should not be thwarted just because counsel's moving papers argue "even if IJL managed to prevent a substitution here, Plaintiffs counsel could merely file another complaint." Counsels disregard for procedural integrity should not alter the well founded and embedded procedural history our Courts stand for.

Defendants concede that Plaintiff, E. Packman has the right to withdraw as lead plaintiff. It is well established that a lead plaintiff has a fiduciary duty to the class members. "[B]y moving for class certification…,the class representative has voluntarily taken on a court imposed, fiduciary responsibility." *Cobell v. Norton*, 213 F.R.D. 43 (2003). Here, Ms. Packman no longer wishes to be

prosecute this matter and the matter should be dismissed with prejudice as to her. *Diaz v.* Ward, 1987 U.S. Dist. Lexis 6032, 17.

Concomitantly, counsel's failure to move for class certification now prohibits him to argue that they should be entitled to simply "substitute" pursuant to Rule 23. There is no viable class for the court to entertain a motion for substitution. The case law is clear that "once a class has been certified it acquires an existence separate and apart from an individual named plaintiff, so that the failure of his or her individual claim does not impair the entitlement to relief." *Norton* at 7. As there is no class there remains only one identity.

In Daniels v. Bursey, a law firm and its employees filed a putative class action suit alleging that a benefit fund fraudulently marketed and administered the fund. Before a class was certified, certain parties reached a settlement. An appeal was initiated by a member that was not a named plaintiff. The Court concluded that the attorney and putative class members were not parties to the litigation that settled and lacked the capacity to appeal. The court further noted that the attorney remained free to file a class action or his own claim. 430 F.3d 424 (2005).

Similarly, counsel maintains that he has numerous members to join this action yet failed to move for certification in over six (6) months of litigation. "Plaintiff's counsel has been contacted by scores of potential lead plaintiffs." *See counsel's motion, pg. 7.* His failure to do so should not allow him to simply piggyback off of Rule 23 which does not apply to his facts. Defendants respectfully argue that the veracity and long standing progeny stemming from this Rule and its application should be given the same courtesy in the instant matter.

"Although not derived from the plain language of Fed. R. Civ. 23(a), courts have held that in order for a class to be certified, the named plaintiffs must demonstrate that there is an identifiable class. The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member. This implied requirement…requires that a court can determine who belongs to the class by reference to objective criteria….It must thus be administratively feasible for a court to determine whether a particular individual is a member of the class and to make this determination without having to answer numerous fact-intensive questions. *Annette Cortigiano, et al. v. Oceanview* Manor, *et al.*, 227 F.R.D. 194 (2005).

Here, counsels have made it impossible for this Court to determine whether a particular individual is a member of the class. Counsels have simply provided names with no affidavits or any identifiable information to illustrate any viable cause of action. It is ironic that counsels have so many willing members but lack specific information as to all of them. Counsels complaint which was filed on or about October 12, 2007 is nothing more than a litany of facts found on defendants website. They should not be allowed to simply allege injury without establishing it.

For the following reasons state above, counsels motion to substitute must be denied.

Dated: New York, New York
June 13, 2008

Respectfully submitted,

Bari Klein, Esq. (BK 5784)
Lewis Brisbois Bisgaard & Smith, LLP
*Attorney for Defendants*
199 Water Street - 20th Floor
New York, New York 10038
Ph: (212) 232-1404

To:  Balestriere Lanza PLLC
*Attorneys for Plaintiff(s)*
225 Broadway - Suite 2900
New York, New York 10007
*Attn: Jon Norinsberg*

4818-6030-0034.1