**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                              :
**EINAT PACKMAN,** individually and for          :    Index No. 07-CV-9227
all others similarly situated                    :
                                                              :
                              Plaintiff,          :
                                                              :
        - against -                               :
                                                              :
**IT'S JUST LUNCH INTERNATIONAL,**          :
**IT'S JUST LUNCH, INC., and**               :
**HARRY AND SALLY, INC.,**                    :
                                                              :
                              Defendants.         :
                                                              :
------------------------------------------------------------- x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFF'S MOTION TO SUBSTITUTE LEAD PLAINTIFF**

Craig Stuart Lanza (CL-2452)
Jon Norinsberg (JN-2133)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:    (212) 374-5400
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................ 1

Plaintiff's Motion Should Be Granted Because IJL Is Not Prejudiced by
the Proposed Substitution ................................................................................................ 1

IJL'S Standing Argument Has No Merit ........................................................................... 2

IJL'S Opposition to Plaintiff's Motion to Substitute Serves No Purpose
Other than Needless Delay .............................................................................................. 3

CONCLUSION ........................................................................................................................ 5

## TABLE OF AUTHORITIES

## CASES

Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo., 458 F. Supp. 2d 160
(S.D.N.Y. 2006)............................................................................................ 2

Eckert v. Equitable Life Assurance Soc'y of U.S., 227 F.R.D 60 (E.D.N.Y. Mar. 14,
2005) ............................................................................................................ 4

Goodman v. Schlessinger, 584 F.2d 1325 (4th Cir. 1978) ....................................... 4

In re Nat'l Australia Bank Secs. Litig., No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS
94163 (S.D.N.Y. Nov. 8, 2006)................................................................... 1

In re Thornburgh, 869 F.2d 1503 (D.C. Cir. 1989) ................................................. 1

Norman v. Conn. State Bd. of Parole, 458 F.2d 497 (2d Cir. 1972) ....................... 4

Silva v. Vowell, 621 F.2d 640 (5th Cir. 1980) ........................................................ 4

Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004)........................................ 4

## PRELIMINARY STATEMENT

Lead Plaintiff Einat Packman ("Packman") cannot adequately represent the class of thousands who have been defrauded by IJL. Plaintiff has respectfully asked the Court to use one of the various mechanisms to substitute seven class members for Packman. Such substitutions are routinely granted absent a showing of prejudice and, in their opposition to Plaintiff's Motion to Substitute, Defendants have shown no prejudice. Instead, Defendants' opposition to Plaintiff's motion is calculated to waste time and judicial resources and to delay justice in this case.

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION SHOULD BE GRANTED BECAUSE IJL IS NOT PREJUDICED BY THE PROPOSED SUBSTITUTION

As set forth in Plaintiff's Memorandum of Law, the additional class members should be permitted to intervene as lead plaintiffs because it would further the interests of the putative class and would not prejudice Defendants. Absent a showing of prejudice, courts should allow such substitutions. See In re Nat'l Australia Bank Secs. Litig., No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163 (S.D.N.Y. Nov. 8, 2006) ("[C]ourts not only may, but should, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative") (quoting In re Thornburgh, 869 F.2d 1503, 1509 (D.C. Cir. 1989)).

IJL is not prejudiced by the proposed substitution. Indeed, IJL does not cite a single instance of prejudice in its opposition to Plaintiff's motion. Rather, IJL claims that the proposed Plaintiffs lack "standing" because a paralegal at IJL cannot find one of

the seven proposed Plaintiffs' files. (Def.'s Opp'n 2.)  Substitutions of Plaintiffs are granted absent a showing of prejudice, and IJL is not prejudiced by the proposed substitution.  Therefore, Plaintiff's motion should be granted.

## POINT II

### IJL'S STANDING ARGUMENT HAS NO MERIT

Unable to show prejudice, IJL argues that the proposed Plaintiffs lack standing to sue.  This argument is absurd and misconstrues the bounds and applicability of the standing doctrine.  Standing requires that Plaintiff show (1) an injury in fact, (2) a causal connection, and (3) that the injury must be likely to be redressed by a favorable decision. See Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo., 458 F. Supp. 2d 160, 168 (S.D.N.Y. 2006).  Here, each Plaintiff has suffered an injury in fact as a result of, *inter alia*, Defendant's fraud and that injury has caused monetary damages (over one thousand dollars) which can easily be redressed by a favorable decision.

While IJL provides no analysis as to why the issue of standing should be applicable, it is presumably related to the fact that IJL's paralegal could not find James Tortora's file.  According to the affidavit of Ms. Wilson attached to IJL's opposition brief, IJL does confirm that the other six proposed Plaintiffs were indeed customers of IJL.  Yet, IJL argues that, "[w]ithout more than names, this reasons that there is no credible evidence before this court that *any of the seven (7) persons identified* to be

substituted had the requisite knowledge of the alleged fraud when the complaint was filed." (Opp'n 2.)[1]

IJL provides no authority for the proposition that a court must make a factual determination on the adequacy of a proposed Plaintiff prior to making a substitution. Yet, IJL asks this Court to make a factual determination regarding "evidence" of the proposed Plaintiffs' injuries before permitting the substitution. (Opp'n 2.)   As if this argument were not bizarre enough, IJL has submitted an affidavit which actually provides evidentiary support for the allegations in the proposed amended complaint: Ms. Wilson's affidavit confirms that six of the seven proposed Plaintiffs are class members.  Finally, Plaintiff has confirmed that James Tortora is indeed a member of the class, and discovery will make that clear.

Because the proposed Plaintiffs clearly have standing to sue, Plaintiff's motion to substitute should be granted.

### POINT III

### IJL'S OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE SERVES NO PURPOSE OTHER THAN NEEDLESS DELAY

IJL is asking this Court to forego precedent and prevent the legally permissible proposed substitution for no reason other than to waste judicial resources.

---

[1] IJL additionally objects to Plaintiff's motion on the ground that Rule 23 of the Federal Rules of Civil Procedure does not apply because Plaintiff's does not have "a case." (Opp'n at 2).  IJL's overlooks two important points: Packman's case against IJL has not been dismissed and a substitution of Plaintiffs can be brought about by various different mechanisms, not solely Rule 23.

3

As Plaintiff has clearly stated, the substitution of a class Plaintiff is a common occurrence. <u>See</u> 1 Newburg on Class Actions § 2:26 (4th ed. 2006) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives."); <u>Norman v. Conn. State Bd. of Parole</u>, 458 F.2d 497, 499 (2d Cir. 1972) (remanding case to allow 30 days for another member of the putative class to intervene where claims of sole lead plaintiff were moot); <u>Silva v. Vowell</u>, 621 F.2d 640, 650 (5th Cir. 1980); <u>Goodman v. Schlessinger</u>, 584 F.2d 1325, 1332-33 (4th Cir. 1978) (remanding to allow counsel a "reasonable time" to find new plaintiffs with live claims); <u>Eckert v. Equitable Life Assurance Soc'y of U.S.</u>, 227 F.R.D 60, 63 (E.D.N.Y. Mar. 14, 2005) (citing <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 342 (3d Cir. 2004) (rejecting defendant's claim to substitution when action was rendered moot where lead plaintiff settled claims and putative class member was granted leave to intervene because "once a class has been certified, mooting a class representative's claim does not moot the entire action because the class acquires[s] a legal status separate from the interest asserted by the named plaintiff.")).

Regardless of the outcome of the present motion, the proposed Plaintiffs can file a new complaint. Thus, IJL's opposition to Plaintiff's motion to substitute can only forestall the inevitable. If Plaintiff's motion is denied, the proposed Plaintiffs would merely re-file a new complaint. IJL is, therefore, asking this Court to deny Plaintiff's motion simply to waste time.

## <u>CONCLUSION</u>

For all of the reasons set forth above, Plaintiff respectfully requests the Court to issue an Order granting leave to substitute new class representatives, allowing Einat Packman to withdraw as lead Plaintiff and allowing other class members to intervene and become the new designated class representatives in this action.

Dated: New York, New York                              Respectfully submitted,
        June 18, 2008


                                                       <u>s/ Craig Stuart Lanza</u>
                                                       Craig Stuart Lanza (CL-2452)
                                                       Jon Norinsberg (JN-2133)
                                                       John Balestriere (JB- 3247)
                                                       **BALESTRIERE LANZA PLLC**
                                                       225 Broadway, Suite 2900
                                                       New York, NY 10007
                                                       Telephone:    (212) 374-5400
                                                       Facsimile:    (212) 208-2613
                                                       *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was served on the

following counsel of record on June 18, 2008, via the methods listed below:


**<u>By ECF</u>**

Bari Klein
Lewis Brisbois Bisgaard & Smith LLP
199 Water Street, Suite 2500
New York, NY 10038
*Attorneys for Defendants*


<u>*s/ Craig Stuart Lanza*</u>
Craig Stuart Lanza
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:    (212) 374-5404
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*
