```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

E. PACKMAN, individually and for all others         :          07 Civ. 9227 (SHS)
similarly situated,
                                                    :
                           Plaintiff,
                                                    :
              -against-                                        ORDER
                                                    :
IT'S JUST LUNCH INTERNATIONAL, *ET AL.*,
                                                    :
                           Defendants.
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.


              Plaintiff variously styles this motion as a motion "to withdraw and substitute lead

plaintiff," a motion for leave to substitute a new class representative, a motion to permit lead

plaintiff to withdraw, and a motion to permit intervention and designate a new class

representative. (See Notice of Motion at 1; Memorandum of Law in Support of Plaintiff's

Motion to Substitute Lead Plaintiff at 1.) The motion is, however, most properly characterized as

a motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a). The governing

principle under Rule 15(a) is that leave to amend shall be freely given. See, e.g., Foman v.

Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); Rachman Bag Co. v. Liberty

Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995). The basis of the motion is that the original

named plaintiff, E. Packman, no longer wishes to proceed as the named plaintiff in this putative

class action. (Declaration Of Craig Stuart Lanza in Support of Plaintiff's Motion to Substitute Lead Plaintiff ¶¶ 7-9.)

Defendants oppose this motion on the ground that the seven individuals who are the proposed class representatives in the proposed amended complaint have no standing to be class representatives because they suffered no injury and the corporate records of defendant It's Just Lunch, Inc. do not reflect that proposed named plaintiff James Tortora was ever a client of defendant It's Just Lunch, Inc. Those arguments are decidedly premature.

This action is asserted to be a class action, but no motion for class certification has been made. There has been no determination by this Court of whether or not to certify the action as a class action pursuant to Rule 23(c)(1)(A) or whether any proposed representative will "fairly and adequately protect the interests of the class" pursuant to Rule 23(a)(4) or even who class counsel should be pursuant to Rule 23(g).

The applicable test on this motion is not whether seven individuals are proper class representatives under Rule 23(a)(4); rather, it is whether leave should be given under Rule 15(a) to amend the complaint.

Despite the fact that the last day for discovery was hard upon the litigants when this motion was made, precious little discovery had been conducted by the parties. Whether the seven proposed named representatives have standing to be class representatives (including whether Mr. Tortora was ever a client of It's Just Lunch, Inc.), are issues to be decided in the context of a motion to designate them as class representatives, not in the context of a Rule 15(a) motion. Plaintiff's deposition had not yet been taken and no deposition of defendants' witnesses had occurred and, as noted, no motion for class certification had been made.

-2-

In addition, there is neither allegation nor hint of bad faith here – the proffered reason for the amendment is that the original named plaintiff did not wish to proceed – and no prejudice of any sort has been identified. As noted, the issue of whether the seven new named plaintiffs are appropriate class representatives is not before the Court at this time. Because (1) leave to amend shall be freely given, (2) the amendment was not proposed for the purpose of delay, (3) there has been no bad faith, (4) plaintiff has not repeatedly failed to cure deficiencies by amendments previously allowed, and (5) no undue prejudice has been shown, plaintiff's motion for leave to amend the complaint is granted. See Foman, 371 U.S. at 182; Rachman Bag Co., 46 F.3d at 234-35.

Accordingly,

IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to amend the complaint [22] is granted;

2.    The amended complaint shall be served and filed on or before August 6, 2008;

3.    This action is hereby referred to Magistrate Judge Kevin N. Fox for general pretrial supervision; and

4.    The caption of this action shall be changed to read as follows:


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHRISTINE RODRIQUEZ, SANDRA BURGA,    :        07 Civ. 9227 (SHS)
KAREN MALAK, JAMES TORTORA, LISA
BRUNO, JANEEN CAMERON, and KAREN      :
MCBRIDE, individually and for all others
similarly situated,                   :

                    Plaintiffs,       :

          -against-                   :

IT'S JUST LUNCH INTERNATIONAL, *ET AL.*,   :

                    Defendants.       :

-----------------------------------------------------------------x


Dated:  New York, New York
        July 30, 2008

                              SO ORDERED:

                              _____
                                   Sidney H. Stein, U.S.D.J.

-4-