UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE RODRIGUEZ, ET AL.,            :

              Plaintiffs,            :

              -against-            :            **MEMORANDUM and ORDER**

IT'S JUST LUNCH INT'L, ET AL.,            :            07 Civ. 9227 (SHS)(KNF)

              Defendants.            :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

On December 15, 2009, the plaintiffs filed a motion, pursuant to Fed. R. Civ. P. 4(d), seeking costs and fees associated with effecting service of the Second Amended Complaint on the seven named franchise defendants. The defendants oppose the motion, request that it be stricken and seek to recover fees and costs incurred opposing the motion.

## BACKGROUND

The plaintiffs filed their Second Amended Complaint on April 1, 2009. On June 3, 2009, the plaintiffs' counsel sent an e-mail message to Bari Klein ("Klein"), counsel to the defendants It's Just Lunch International (IJLI), It's Just Lunch, Inc. ("IJL, Inc.") and Harry and Sally, Inc. ("H&S"), requesting that she "accept service for the franchise [d]efendants in this action." The plaintiffs "believed that IJL[I] [] would accept service on behalf of all secondary parties named as [d]efendants" because it had "presented itself as the parent company." Klein replied to the plaintiffs' counsel that her law firm did not represent the franchise defendants and would not accept service on behalf of entities it did not represent. According to Klein, at the time the plaintiffs made their

1

request, neither she nor her firm "had authority to accept service or execute a waiver" on behalf of the franchise defendants.

After receiving Klein's reply, the plaintiffs obtained summonses and effected service on three of the seven named franchise defendants – specifically, IJL Orange County, IJL Denver and IJL Austin. Thereafter, according to Klein, the insurance carrier of the three franchises performed its "requisite insurance industry checks" and then directed Klein's law firm to appear on behalf of the franchises. In a letter to the Court, dated August 17, 2009, Klein identified herself as counsel to IJLI, IJL, Inc., H&S and "three out of the seven named [f]ranchises which were recently served[.]"

The plaintiffs seek to recover $6,931.50 for costs incurred in utilizing a process server, legal fees associated with service and legal fees incurred in bringing the instant motion to recover service expenses.

## DISCUSSION

**A. Rule 4(d)**

Fed. R. Civ. P. 4(d)(1) provides that a plaintiff requesting waiver of service of a summons must notify the defendant "that an action has been commenced and request that the defendant waive service." When requesting waiver from a corporation, partnership or unincorporated association, the plaintiff's notice and request must be in writing and addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(d)(1)(A)(ii). Moreover, the notice and request for waiver must, <u>inter alia</u>, be accompanied by a copy of the complaint and two copies of a waiver form, and give the defendant at least 30 days to return the waiver. <u>See</u> Fed. R. Civ. P. 4(d)(1)(B)-(G). If the defendant "fails, without good cause, to sign and return [the] waiver requested," the district court must impose on the

defendant "expenses later incurred in making service" and "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

The plaintiffs did not follow the procedures for requesting a waiver, as detailed in Fed. R. Civ. P. 4(d)(1), prior to making the instant motion. The plaintiffs acknowledge their failure to abide by the rule, but contend it "made no sense" to do so, given Klein's assertion that she did not represent the franchise defendants. However, a plaintiff must comply with the requirements for seeking waiver under Fed. R. Civ. P. 4(d)(1) in order to demand costs from a litigant who refused to waive service under Fed. R. Civ. P. 4(d)(2). See Perez v. County of Westchester, 83 F. Supp. 2d 435, 441 (S.D.N.Y. 2000)(denying motion for reimbursement of service costs and attorney's fee where plaintiff's notice and request for a waiver did not comply with Rule 4[d]). Had the plaintiffs demonstrated "substantial compliance" with the requirements of Rule 4(d)(1), see Stapo Industries, Inc. v. M/V Henry Hudson Bridge, 190 F.R.D. 124, 126 (S.D.N.Y. 1999), their request for waiver may have been valid, and their application for costs and fees warranted. However, the plaintiffs disregarded Rule 4(d)(1) completely. In fact, the plaintiffs never requested explicitly that service be waived; rather, they asked Klein to accept service of process on behalf of the franchise defendants. Even if the plaintiffs had made a proper request for waiver to Klein, it would have been misaddressed, as Klein was not an agent authorized to receive service of process on behalf of the franchise defendants when the plaintiffs made their request. See Fed. R. Civ. P. 4(d)(1)(A)(ii). Accordingly, the plaintiffs' request, for reimbursements of fees and expenses, is improper.

**B. Request to Strike Motion & Sanction Plaintiffs**

The defendants' requests, that the Court strike the plaintiffs' motion for costs and fees and award the defendants the expenses incurred defending against the motion, do not comply with Fed.

R. Civ. P. 7(b)(1) or Local Civil Rule 7.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Hence, both requests are denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the plaintiffs' motion for costs and fees, pursuant to Fed. R. Civ. P. 4(d), is denied. The defendants' request that the plaintiffs' motion be stricken is denied. Likewise, the defendants' motion to recover attorney's fees and other expenses incurred, defending against the plaintiffs' motion, is denied.

This order resolves Docket Entry No. 73.

Dated: New York, New York
April 6, 2010

SO ORDERED:

/Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE