John G. Balestriere (JB2900)
Jon L. Norinsberg (JN2133)
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5401
Facsimile: (212) 208-2613
john.balestriere@balestriere.net
*Attorneys for the Plaintiffs and Putative Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTINE RODRIGUEZ, SANDRA BURGA, KAREN MALAK, JAMES TORTORA, LISA BRUNO, JANEEN CAMERON, and KAREN McBRIDE,** Individually, and for all others similarly situated,<br>    Plaintiffs,<br>- against –<br><br>**IT'S JUST LUNCH INTERNATIONAL, IT'S JUST LUNCH, INC., HARRY and SALLY, INC, IJL NEW YORK CITY FRANCHISE, IJL ORANGE COUNTY FRANCHISE, IJL CHICAGO FRANCHISE, IJL PALM BEACH FRANCHISE, IJL DENVER FRANCHISE, IJL AUSTIN FRANCHISE, IJL LOS ANGELES-CENTURY CITY FRANCHISE, and DOES 1-136**,<br>    Defendants. | **Index No.: 07-CV-9227 (SHS)(KNF)**<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' CROSS-MOTION <u>FOR SUMMARY JUDGMENT</u> |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT .......................................................................................................................2

I. THE NEW YORK CLASS SHOULD BE ALLOWED TO CONTINUE REGARDLESS OF WHETHER OR NOT CHRISTINE RODRIGUEZ'S INDIVIDUAL CLAIM IS TIME-BARRED .................................................................................................2

    A. Special Mootness Rules Apply In The Class Action Context ...............................2

    B. Defendants' Arguments For Dismissal Are Against The Great Weight of Authority .................................................................................................................3

    C. Dismissal of the New York Claims Would Be Fundamentally Unfair To The Unnamed New York Class Members ...................................................................5

II. THE PROPOSED INTERVENOR'S CLAIMS RELATE BACK TO THE ORIGINAL COMPLAINT AND ARE THEREFORE TIMELY ............................................................6

    A. Commencement of A Class Action Tolls The Statute of Limitations For All Unnamed Class Members ......................................................................................6

III. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' UNJUST ENRICHMENT CLAIM ............................................................9

    A. Defendants' Contracts Were Illegal and Unenforceable Under New York Law .........................................................................................................9

    B. All Unnamed New York Class Members Who Paid In Excess of $1,000.00 After October 15, 2004 Have A Viable Unjust Enrichment Claim ...............................10

CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) ............................................7, 10

Cox v. Babock and Wilcox Co., 471 F.2d 13 (4th Cir. 1972) ........................................................5

Crisci v. Shalala, 169 F.R.D. 563 (S.D.N.Y. 1996) ......................................................................8

Eckert v. Equitable Life Assurance Socy of U.S., 227 F.R.D. 60 (E.D.N.Y. 2005) .....................5

Goodman v. Schlesinger, 584 F.2d 1325 (4th Cir. 1978) ..............................................................5

In re: Initial Public Offering Securities Litigation, No. 01 Civ. 10899, 2004 U.S. Dist. LEXIS
    26000 (S.D.N.Y. Dec. 28, 2004) ......................................................................................5, 6

In re National Australia Bank Securities Litigation, No. 03 Civ. 6537,
    2006 U.S. Dist. LEXIS 94163 (S.D.N.Y. Nov. 8, 2006) ...................................2, 3, 4, 5, 6

In Re: Worldcom Securities Litigation, 496 F.3d 245 (2d Cir. 2007) ...........................................7

Initial Public Offering Securities Litigation, No. 01 Civ. 10899 2004 U.S. Dist. LEXIS 26000
(S.D.N.Y. Dec. 28, 2004) ........................................................................................4, 5, 6

Kremens v. Bartley, 431 U.S. 119 (1977) .....................................................................................5

Lusardi v. Xerox, 975 F.2d 964 (3d Cir. 1993) .............................................................................2

McCoy v. Ithaca Housing Authority, 559 F. Supp. 1351 (N.D.N.Y. 1983) ..................................4

Norman v. Connecticut State Bd. Of Parole, 458 F.2d 497 (2d Cir. 1972) ...................................4

Silva v. Vowell, 621 F.2d 640 (5th Cir. 1980) ...............................................................................5

Sosna v. Iowa, 419 U.S. 393 (1975) .............................................................................................2

Swan v. Stoneman, 635 F.2d 97 (2d Cir. 1980) ............................................................................4

Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004) .............................................................2

Yang v. Odom, 392 F.3d 97 (3d Cir. 2004) ...................................................................................5

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this Memorandum of Law in opposition to defendants' cross-motion for summary judgment.[1]

Defendants' entire cross-motion is based on an erroneous premise, namely: that the untimely filing of Christine Rodriguez's individual claim defeats the claims of *all* New York plaintiffs. This is not the law for class actions, nor should it be. To the contrary, the Supreme Court has expressly held – and the Second Circuit has agreed – that there are special exceptions to the mootness doctrine. One of those exceptions is where, as here, the individual claims of the lead plaintiff become moot prior to certification of the class. Under such circumstances, courts routinely allow a new plaintiff to intervene and "save" the claims of the remaining unnamed class members.[2] This is particularly so where, as here, the plaintiff has not yet had a reasonable opportunity to move for class certification.

Accordingly, defendants' motion for partial summary judgment should be denied.

---

[1] Plaintiffs have filed a separate Memorandum of Law in further support of their motion for partial summary judgment. To avoid needless repetition, plaintiffs will not address any of the issues raised in that motion, but instead, will focus exclusively on the legal arguments raised by defendants in their cross-motion for summary judgment.
[2] Contemporaneous with the filing of this brief, plaintiffs have filed a motion to intervene on behalf of Brad Berkowitz, who wishes to intervene in this action under Fed. R. Civ. P. 24 ("Rule 24") and serve as the new lead

**ARGUMENT**

I. **THE NEW YORK CLASS SHOULD BE ALLOWED TO CONTINUE REGARDLESS OF WHETHER OR NOT CHRISTINE RODRIGUEZ'S INDIVIDUAL CLAIM IS TIME-BARRED.**

   A. **Special Mootness Rules Apply In The Class Action Context.**

It is well-established that "special mootness rules apply in the class action context, where the named plaintiff purports to represent an interest that extends beyond his own." In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *8 (S.D.N.Y. Nov. 8, 2006)(quoting Lusardi v. Xerox, 975 F.2d 964, 975 (3d Cir. 1993)). These special rules "provide a modicum of protection to putative class members, and in so doing, promote the aims of the preferred class action vehicle." (Id). The "thrust of the mootness exceptions are to provide justice to absent class members and to promote the utility of the class action device." (Id.) at *10. See also Weiss v. Regal Collections, 385 F.3d 337, 347 (3d Cir. 2004) ("The mootness exception recognizes that, in certain circumstances, to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as part of an indivisible class and not merely a single adverse party, *even before the class certification question has been decided*.") (emphasis supplied). As the Supreme Court has stated:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend on the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

Sosna v. Iowa, 419 U.S. 393, 402 n. 11 (1975).

---

plaintiff on behalf of the New York class members in this action.

Federal courts have generally recognized three exceptions to the mootness doctrine. These exceptions arise where: "(i) a class has already been certified, (ii) a motion for class-certification is pending or (iii) the plaintiff has not yet had a reasonable opportunity to move for class certification." In re National Australia Bank Securities Litigation, 2006 U.S. Dist. LEXIS 94163, *9 (internal citations omitted). In this case, "it is the third of these exceptions to the mootness doctrine that applies ...." (Id.).

Plaintiffs have attempted on at least two occasions to file a motion for certification but have been unable to do so. The first time plaintiffs moved for certification was on December 15, 2009 (D.E. 76). At that time, defendants' motion to dismiss was still pending, and therefore, the Court deferred ruling on plaintiffs' motion for certification. (D.E.79). Thereafter, on April 8, 2010, plaintiffs attempted once again to move for certification. (D.E. 93). However, defendants strenuously objected to this application, arguing that the motion was premature given the early stage of this litigation. The Court agreed and rescinded its prior order allowing plaintiffs to move for certification. (D.E. 96). Based on the above procedural history, it is clear "the plaintiff[s] ha[ve] not yet had a reasonable opportunity to move for class certification." In re National Australia Bank Securities Litigation, 2006 U.S. Dist. LEXIS 94163, *9. Thus, the third exception to the mootness doctrine should be applied, and the putative class action should be allowed to continue.

### B. Defendants' Arguments For Dismissal Are Against The Great Weight of Authority.

In this case, there is no dispute that Christine Rodriguez's New York claims are time-

barred.[3] However, "[d]efendants' claim that final dismissal is required on the ground that there is no live action into which a new plaintiff may be substituted or intervene, is *belied by the great weight of authority*." In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *8 (S.D.N.Y. Nov. 8, 2006) (emphasis supplied). Indeed, courts in this Circuit have repeatedly rejected similar arguments. See, e.g., Swan v. Stoneman, 635 F.2d at 102, n. 6 (death of named plaintiff did not moot class claim to the extent a proposed intervenor could be substituted as a named plaintiff.); Norman v. Connecticut State Bd. Of Parole, 458 F.2d 497, 499 (2d Cir. 1972) (remanding to allow 30 days for another member of the putative class to intervene where claims of sole lead plaintiff were moot); In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *8 (S.D.N.Y. Nov. 8, 2006) (granting leave to file amended complaint with substitute lead plaintiff within sixty days); Eckert v. Equitable Life Assurance Socy of U.S., 227 F.R.D. 60, 63 (E.D.N.Y. 2005) (rejecting defendant's claim that action was rendered moot where lead plaintiff settled claims, and granting putative class member leave to intervene); In re: Initial Public Offering Securities Litigation, No. 01 Civ. 10899, 2004 U.S. Dist. LEXIS 26000 (S.D.N.Y. Dec. 28, 2004) (denying motion to dismiss based on mootness, and granting plaintiff's motion to substitute lead plaintiffs); Crisci v. Shalala, 169 F.R.D. 563, 568 (S.D.N.Y. 1996) ("The fact that a live controversy still exists as to unnamed members of the class further indicates that relations back [to the original complaint] is appropriate in this case."); McCoy v. Ithaca Housing Authority, 559 F. Supp. 1351, 1354 (N.D.N.Y. 1983) ("Assuming the existence of other unnamed class members, a continuation of

---

[3]As defendants correctly point out, the statute of limitations for the New York claims is three years. (Def. Mem. at 6-8). Since Christine Rodriguez's individual claims accrued on June 22, 2004 – and since this action was not filed until October 15, 2007 – Ms. Rodriguez's New York claims are indeed time-barred.

this action appears proper.").

Courts in other jurisdictions have likewise allowed class actions to continue where the lead plaintiff's individual claims have become moot. See, e.g., Silva v. Vowell, 621 F.2d 640, 650 (5th Cir. 1980) (remanding to allow "an appropriate named plaintiff [to] intervene", where claim of originally named plaintiff was moot); Goodman v. Schlesinger, 584 F.2d 1325, 1332-33 (4th Cir. 1978) (remanding to allow counsel a "reasonable time" to find new plaintiffs with live claims); Cox v. Babock and Wilcox Co., 471 F.2d 13, 16 (4th Cir. 1972) (same). See also Kremens v. Bartley, 431 U.S. 119 (1977) (remanding to district court to substitute plaintiffs and to redefine class, where class certification was in "grave doubt" and named plaintiffs' claims were moot). Defendants' argument that the putative class action should be dismissed on mootness grounds should be rejected accordingly.

### C. Dismissal of the New York Claims Would Be Fundamentally Unfair To The Unnamed New York Class Members.

"[O]utright dismissal is too harsh a penalty to levy on absent [plaintiff] class members, who relied on counsel rather than conduct an independent investigation into the veracity of [the lead plaintiff's] claims." In re: Initial Public Offering Securities Litigation, No. 01 Civ. 10899, 2004 U.S. Dist. LEXIS 26000, *30 (S.D.N.Y. Dec. 28, 2004). Indeed, "[t]o prejudice putative class action plaintiffs based solely on the class' representative's inadequacy would frustrate the purposes of the class action statute; for example, by encouraging unwarranted policing of class action claims by putative class members, and by encouraging the filing of multiple individual claims." In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *17 (S.D.N.Y. Nov. 8, 2006). See also Yang v. Odom, 392 F.3d 97, 106 (3d Cir.

2004) ("it would be at odds with the policy undergirding the class action device ... to deny plaintiffs the benefit of tolling, and the class action mechanism, when no defect in the class itself has been shown.").

In this case, the balancing of the equities strongly militates in favor of allowing the New York plaintiffs to continue this action. Indeed, "defendants, who have indisputably been aware of the class allegations since the [IJL] complaint was first filed, will not be prejudiced by allowing that action to proceed. By contrast, stripping the absent [New York] class members of the possibility of a class action would work a significant injustice on the members of that class, because the costs of individual litigation would, in many cases, overwhelm their expected recoveries." In re: Initial Public Offering Securities Litigation, No. 01 Civ. 10899, 2004 U.S. Dist. LEXIS 26000, *31 (S.D.N.Y. Dec. 28, 2004). Thus, "dismissal of [this] case would deprive many plaintiffs of any chance of recovery, while denial of defendants' motion would merely preserve the status quo ..." (Id. at *32, n.62). Accordingly, "because a class may be certified in the future under a new representative, the action is live for jurisdictional purposes," and should therefore be allowed to continue. In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *13-14 (S.D.N.Y. Nov. 8, 2006).

**II.    THE PROPOSED INTERVENOR'S CLAIMS TO RELATE BACK TO THE ORIGINAL COMPLAINT AND ARE THEREFORE TIMELY**

   **A.    Commencement of A Class Action Tolls The Statute of Limitations For All Unnamed Class Members.**

"It is well-settled ... that commencement of a class action tolls the statute of limitations." In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *14 (S.D.N.Y. Nov. 8, 2006) (citation omitted). Indeed, the Supreme Court has

repeatedly stated that the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suite been permitted to continue as a class action." In Re: Worldcom Securities Litigation, 496 F.3d 245, 247 (2d Cir. 2007) (quoting American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974)). The Supreme Court's tolling rule is "designed to protect the interest of class members who are not only entitled, but encouraged, to rely on the class representative's claim up until and through class certification." In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *14 (S.D.N.Y. Nov. 8, 2006).

In this case, plaintiffs seek to substitute a new plaintiff, Brad Berkowitz, as lead plaintiff for the New York class.[4] As a former IJL member who paid $1,300.00 to Harry & Sally for one year's worth of dating services (Affidavit of Brad Berkowitz ("Berkowitz Aff."), ¶¶ 5-6, included as Exhibit C to the Declaration of Jon Norinsberg ("Norinsberg Decl.")), Mr. Berkowitz clearly has standing to act on behalf of the New York class. Further, Mr. Berkowitz's claims are unquestionably timely under the tolling rules for class actions discussed above.[5] Since Ms. Rodriguez's individual New York claims are now moot – and since Mr. Berkowitz is ready and able to assume the role of class representative for the New York plaintiffs – it is respectfully submitted that Mr. Berkowitz should be permitted to intervene in this action. See In re National Australia Bank Securities Litigation, No. 03 Civ. 6537, 2006 U.S. Dist. LEXIS 94163, *8 (S.D.N.Y. Nov. 8, 2006)("[C]ourts not only may, but *should*, respond to pre-certification

---

[4] Toward this end, plaintiffs have filed a separate motion seeking permission from the Court for Mr. Berkowitz to intervene in this action.

[5] Mr. Berkowitz joined IJL on March 17, 2006, and this action was filed on October 15, 2007. Thus, unlike Ms. Rodriguez, Mr. Berkowitz's claims clearly *were* timely when the original

mooting of a class representative's claims by permitting substitution of a new class representative.") (original emphasis) (internal citation omitted); 1 Newberg on Class Actions § 2:26 (4th ed. 2006) ("When mootness of the named plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases).

Notwithstanding the above principles, however, defendants still argue that the claims of *all* unnamed New York class members should be dismissed because Christine Rodriguez' individual claims are untimely. See Def. Mem. at 7 ("any claim on behalf of the contended but not certified "New York Class" under the New York statute where Ms. Rodriguez is sought as a lead plaintiff are ... time-barred."). However, "[o]nce the statue of limitations has been tolled, it remains tolled for *all* members of the putative class until class certification is denied." Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353-54 (1983)(emphasis supplied) (citation omitted). Thus, the claims of the new proposed lead plaintiff, Brad Berkowitz, relate back to the original complaint and should be deemed timely. See Crisci v. Shalala, 169 F.R.D. 563, 567 (S.D.N.Y. 1996) ("Relation back is also appropriate where, as here, the claims of the named plaintiff have become moot before a motion for class certification is filed so long as a justiciable controversy existed some time prior to class certification.") (internal citations and quotations omitted); 1 Newberg on Class Actions § 2:26 (4th ed. 2006) ("Such action is especially appropriate where", as here, the reason for "mootness has only individual rather than classwide impact."). Accordingly, defendants' motion to dismiss the New York claims as untimely should be denied.

---

action was filed.

## III. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' UNJUST ENRICHMENT CLAIM.

### A. Defendants' Contracts Were Illegal and Unenforceable Under New York Law.

Defendants argue that plaintiffs' unjust enrichment claim fails because "the documentary evidence establishes the 'New York Plaintiffs' entered into a valid and enforceable contract." (Def. Mem. at 2). However, even a cursory review of the AOD reveals this not to be true. Indeed, the attorney general found that "*numerous provisions* of the contract used by IJLI's New York State franchises violate GBL § 394-c." (Norinsberg Decl., Exhibit E, ¶ 9) (emphasis supplied). Specifically, the attorney general found that there were at least *seven* different violations of New York law in the contracts used by IJL, including the following: (1) the contracts contained an illegal "interview processing charge", in violation of GLB § 394-c(4); (2) the contracts contained an illegal "pro rata" refund when the client has not been sent on a date for two consecutive months, in violation of GBL § 394-c(3) (which mandates a *full* refund under such circumstances); (3) the contracts improperly allowed IJL to retain the client's personal information, unless the client made a written request for the return of such information, in violation of GBL § 394-c(6) (which mandates that such personal information automatically be returned "promptly" by "certified mail."); (4) the contracts illegally sought to prohibit clients from joining initiating or joining a class action lawsuit against the IJL franchises, which the attorney general found to be "illegal because it is against public policy" ; (5) the contracts contained an illegal mandatory arbitration clause, which violates GBL § 399-c (which prohibits mandatory arbitration clauses in consumer contracts); (6) the contracts illegally restricted the clients' right to place their memberships on hold for one year without losing any rights, in

violation of GBL § 394-c (5-a) (which provides the client with a "unilateral right" to do so without any restrictions.); and (7) the contracts illegally allowed IJL franchises to charge more than $1,000.00 for one year's worth of dating services, in violation of GBL § 394-c(2). (Norinsberg Decl., Exhibit E, ¶ 9.)

Based on the foregoing, there can be no question that the contracts used by IJL's New York franchises were *not*, as defendants allege, "valid and enforceable." (Def. Mem. at 2). To the contrary, these contracts contained multiple and flagrant violations of New York law. Further, these contracts contained provisions which, according to the attorney general, were "against public policy". (Norinsberg Decl., Exhibit E, at 4.) Since this Court has already ruled that "plaintiffs' allegations that they paid the defendants for dating services, but received service of an inferior quality to what they had been promised, are sufficient to state a claim of unjust enrichment" (D.E. 87) – and since the AOD makes clear that defendants' contracts were neither valid nor enforceable – there can be no doubt that the New York plaintiffs have stated a viable claim for unjust enrichment. Accordingly, defendants' motion for summary judgment on this claim should be denied.

**B.      All Unnamed New York Class Members Who Paid In Excess of $1,000.00 After October 15, 2004 Have A Viable Unjust Enrichment Claim.**

Defendants also argue that New York plaintiffs' unjust enrichment claims are barred by the statute of limitations. (Def. Mem. at 16-17). However, as the Supreme Court has repeatedly stated, "the commencement of a class action suspends the applicable statute of limitations as to *all* asserted members of the class who would have been parties had the suit been permitted to continue as a class action." American Pipe, 414 U.S. at 554 (emphasis supplied). Thus, it is

beyond dispute that any unnamed class member who joined IJL on or after October 15, 2004 – which would be three years prior to the commencement of this lawsuit on October 15, 2007 – still has a timely claim for unjust enrichment. Therefore, even if Christine Rodriguez's individual claim is time-barred, this does *not* mean that the unjust enrichment claim of all other New York members is time-barred as well.[6] Accordingly, defendants' motion for summary judgment on this claim should be denied.

## CONCLUSION

For the reasons set forth above, plaintiff respectfully requests that the Court deny defendants' cross-motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Dated: New York, New York
July 30, 2010

> Respectfully submitted,
>
> /s/ John G. Balestriere
> John Balestriere (JB2900)
> Jon Norinsberg (JN2133)
> **BALESTRIERE FARIELLO**
> 225 Broadway Suite 2900
> New York, NY 10007
> Telephone (212) 374-5401
> Facsimile (212) 208-2613
> Email: john.balestriere@balestriere.net
> *Attorneys for Plaintiffs and Putative Class*

---

[6] Defendants implicitly acknowledge this point in their brief. See Def. Mem. at 17 (arguing that any New York class member who "entered into a contract with [defendants] *prior* to October 15, 2004 is also time barred")(emphasis supplied).

-11-