UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTINE RODRIGUEZ, SANDRA           :
BURGA, KAREN MALAK, JAMES             :
TORTORA, LISA BRUNO, JANEEN           :
CAMERON, KAREN MCBRIDE,               :
Individually, and for all other similarly    :
situated,                                     :
                                              :
               Plaintiffs,      :
                                              :
             -against-        :
                                              :     **REPORT AND RECOMMENDATION**
IT'S JUST LUNCH INTERNATIONAL,        :
ITS JUST LUNCH, INC, HARRY            :     07 Civ. 9227 (SHS)(KNF)
and SALLY, INC.,RIVERSIDE             :
COMPANY, LOREN SCHLACHET,             :
IJI NEW YORK CITY FRANCHISE,          :
IJL ORANGE COUNTY FRANCHISE,          :
IJL CHICAGO, FRANCHISE, IJL           :
PALM BEACH FRANCHISE, IJL             :
DENVER FRANCHISE, IJL AUSTIN          :
FRANCHISE, IJL LOS                    :
ANGELES-CENTURY CITY                  :
FRANCHISE, and DOES 1-136,            :
                                              :
               Defendants.     :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE SIDNEY H. STEIN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Plaintiffs Christine Rodriguez ("Rodriguez"), Sandra Burga ("Burga"), Karen Malak ("Malak"), James Tortora ("Tortora"), Lisa Bruno ("Bruno"), Janeen Cameron ("Cameron") and Karen McBride ("McBride") initiated this action, on October 15, 2007, against It's Just Lunch International ("IJLI"), It's Just Lunch, Inc. ("IJL"), Harry and Sally, Inc. ("H&S"), Riverside

Company, Loren Schlachet and seven IJLI franchises seeking damages, in this putative class action, based on deceptive practices in which they allege the defendants engaged, in connection with their social referral services business.

Before the Court is Brad Berkowitz's ("Berkowitz") motion to intervene, pursuant to Federal Rule of Civil Procedure 24, so that he may supplant Rodriguez as the lead plaintiff, and assert claims under New York law that Rodriguez cannot assert, because she is barred from doing so by the applicable statute of limitations. The defendants oppose the motion.

## BACKGROUND

On October 15, 2007, the original complaint was filed in this action. Berkowitz learned of the action in or about January 2008. On March 4, 2008, Berkowitz discussed the action with the plaintiffs' counsel. On June 6, 2008, the plaintiffs filed a motion to permit the lead plaintiff Einat Packman ("Packman") to withdraw from the action and be replaced by Rodriguez, Burga, Cameroon, Malak, Tortora, Bruno, and McBride, who would serve as co-lead plaintiffs. While Rodriguez has been a lead plaintiff in this action, the complaint has been amended twice, each time accompanied by dispositive motion practice that failed to terminate the action. On May 19, 2010, the plaintiffs filed a motion for partial summary judgment, to which the defendants responded with a cross-motion for partial summary judgment. Thereafter, on July 30, 2010, Berkowitz filed a motion to intervene, as the plaintiffs determined that claims asserted by Rodriguez, under New York law, were time-barred, making her an inappropriate lead plaintiff, since she could not represent adequately the interests of putative class members who wish to assert causes of action under New York law.

On February 14, 2011, your Honor dismissed the summary judgment motions and the motion to intervene, without prejudice, because the briefing schedule for the motions was enlarged by the undersigned magistrate judge.  The motions were reinstated to the court's docket, after they were fully briefed.  This report analyzes only the motion to intervene made by Berkowitz.

DISCUSSION

**Motion to Intervene**

A.    **Intervention as a Matter of Right**

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, on timely motion, an individual or entity may intervene in an action, as a matter of right, if the proposed intervener shows that: (1) it has an interest in the litigation; (2) its interest may be impaired by the disposition of the action; and (3) its interest is not adequately protected by the parties to the action.[1]  See In re Holocaust Victim Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000) (citation omitted).  "The intervention application will be denied unless all [these] requirements are met." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).

**Timeliness of the Motion**

The timeliness of the motion is not confined strictly to chronology, and defies precise definition.  See id.  Whether a motion to intervene is timely is a determination left to the sound discretion of the court, after it considers all the circumstances.  See id. at 70.  "Among the circumstances generally considered [to determine timeliness] are: (1) how long the [movant] had

---

[1] Under Fed. R. Civ. P. 24(a)(1), anyone who is given an unconditional right to intervene by a federal statute may do so as a matter of right; Berkowitz has not identified any federal statute that grants him such a right.

notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the [movant] if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." Id. (citation omitted). If a court finds that a motion to intervene is not timely, it need not assess the remaining factors to determine if the applicant may intervene either as a matter of right or permissively, since a failure to satisfy any one of the prerequisite conditions for intervention is fatal to the motion to intervene. See In re Direxion Shares ETF Trust, No. 09 Civ. 8011, 2012 WL 259384, at *17 (S.D.N.Y. Jan. 27, 2012).

1. **Berkowitz's Notice of His Interest in the Action**

Berkowitz's motion to intervene was filed on July 30, 2010, approximately 30 months after he learned of the instant action, and approximately 28 months after he discussed the action with the plaintiffs' counsel. Thus, it appears that Berkowitz had knowledge of his interest in this action for more than two years before filing his motion to intervene. Courts have found that intervals of shorter duration warrant a finding that a motion to intervene is not timely. See Pitney Bowes, Inc., 25 F.3d at 71 (finding untimely a motion to intervene by an intervenor who "had constructive knowledge of its interest in the underlying action for at least 15 months, and actual knowledge for eight months before filing its motion to intervene"); see also Duttle v. Bandler & Kass, 147 F.R.D. 69, 75 (S.D.N.Y. 1993) (finding untimely a motion to intervene where a 15 month gap existed between the time that a prospective intervenor had notice of its interest, and the filing of its motion to intervene). Accordingly, this factor militates against a finding that Berkowitz's motion to intervene is timely.

**2.      Prejudice to Existing Parties**

The defendants will likely be prejudiced by Berkowitz's delay in moving to intervene. On June 6, 2008, the plaintiffs filed a motion to substitute Rodriguez as the lead plaintiff and putative class representative for their New-York-law-based causes of action. The plaintiffs have since conceded that the causes of action Rodriguez asserted, under New York law, are time-barred. See Pls.' Mem. of Law in Opp'n to Defs' Cross-Mot. for Summ. J., p.4, n.3, Docket Entry No. 115 ("[s]ince Christine Rodriguez's individual claims accrued on June 22, 2004-and since this action was not filed until October 15, 2007-Ms. Rodriguez's New York claims are indeed time-barred."). Had the plaintiffs conducted a reasonable investigation into the pertinent facts, before moving to substitute Rodriguez as a lead plaintiff, they would have discovered that Rodriguez was not a suitable class representative for their New-York-law-based causes of action. See Fed. R. Civ. P. 11(b) (requiring reasonable inquiry of, inter alia, factual contentions before presenting written motions to the court, on pain of sanctions).

During Rodriguez's tenure as a lead plaintiff, the defendants were required to expend time and resources litigating two motions to dismiss, and the parties' respective motions for partial summary judgment, which are still pending. Granting Berkowitz's application would confer an unfair advantage on the plaintiffs, as they seem to have learned that Rodriguez's "New York claims are indeed time-barred" solely through the defendants' response to their motion for partial summary judgment. Berkowitz's intervention, at this juncture, would reward the plaintiffs by allowing them to resurrect and litigate, for a second time with the defendants, via a new round of motion practice, causes of action which the plaintiffs should have known were time-barred prior to asserting them in this action. However, a motion to intervene is not a vehicle for resurrecting a claim(s) on which a named plaintiff never had standing to sue. See Kruse v. Wells Fargo Home

Mortg., Inc., No. 02 Civ. 3089, 2006 WL 1212512, at *4 (E.D.N.Y. May 3, 2006) (intervention is not "the proper mechanism by which plaintiffs can resuscitate a suit in which the original named plaintiffs never had standing to sue."). Berkowitz was aware of this litigation and had contact with counsel to the putative class more than two years before filing the instant motion to intervene. It would be prejudicial to the defendants to allow Berkowitz to reap the benefit of relying on the plaintiffs' assessment of Rodriguez's claims in the event the plaintiffs prevailed in this action, and not saddle him with the burden of that reliance in defeat. In view of the above-noted circumstances, the prejudice to the defendants weighs against a finding of timeliness.

**3.    Unusual Circumstances**

Berkowitz has not proffered any facts establishing that unusual circumstances exist that warrant permitting him to intervene, and the Court discerns none. Therefore, this factor does not inform the Court's analysis of the timeliness issue.

**4.    Prejudice to the Movant**

Berkowitz will be prejudiced if he is not permitted to intervene. Berkowitz has demonstrated an interest in the litigation, and his interest may be impaired by the disposition of the action without his intervention because no named plaintiff can represent his interest adequately, as none of the named plaintiffs has standing to assert the New York General Business Law § 349 violation that Berkowitz would assert against the defendants. In addition, if Berkowitz is not allowed to intervene in this action, he may be barred by the applicable statute of limitations from commencing his own action. Nevertheless, the above-noted prejudice to the defendants that would attend, were Berkowitz permitted to intervene, weighs against a finding of timeliness.

Having considered all the circumstances, see Pitney Bowes, Inc., 25 F.3d at 70, the Court finds that Berkowitz's motion to intervene is untimely. As such, he is unable to satisfy all the

prerequisite conditions to intervening in this action, as a matter of right, pursuant to Fed. R. Civ. P. 24(a)(2). Failure to satisfy any of the prerequisites to intervening is a sufficient ground on which to deny the motion. See Catanzano by Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996).

**B.     Permissive Intervention**

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A), (B). In essence, determining whether to grant a motion for permissive intervention requires a court to consider the same factors it considers when analyzing a motion to intervene as a matter of right. See In Re Bank of New York Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003). Having considered those factors immediately above in its analysis of Berkowitz's motion to intervene as a matter of right, the Court finds that no utility exists in reproducing the analysis of the factors here. Granting Berkowitz's motion for permissive intervention is not warranted, as his motion is untimely for the reasons explained above in the Court's discussion of his application to intervene as a matter of right.

## RECOMMENDATION

For the reasons set forth above, I recommend that Berkowitz's motion to intervene as a mater of right, or in the alternative, permissively, Docket Entry No. 118, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Stein. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
April 6, 2012

Respectfully submitted,

/s/ Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

8