USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

CHRISTINE RODRIGUEZ, SANDRA
BURGA, KAREN MALAK, JAMES
TORTORA, LISA BRUNO, JANEEN
CAMERON, KAREN MCBRIDE, and
ANDREW WOOLF, Individually and for all
other similarly situated,

              Plaintiffs,

      -against-

IT'S JUST LUNCH, INTERNATIONAL, IT'S
JUST LUNCH, INC., HARRY AND SALLY,
INC., RIVERSIDE COMPANY, LOREN
SCHLACHET, IJL NEW YORK CITY
FRANCHISE, IJL ORANGE COUNTY
FRANCHISE, IJL CHICAGO FRANCHISE,
IJL PALM BEACH FRANCHISE, IJL DENVER
FRANCHISE, IJL AUSTIN FRANCHISE, IJL
LOS ANGELES-CENTURY CITY
FRANCHISE, and DOES 1–136,

              Defendants.

07 Civ. 9227 (SHS)

MEMORANDUM ORDER

SIDNEY H. STEIN, U.S. District Judge.

    This putative class action concerns It's Just Lunch, a matchmaking service that operates across the country through local franchises. (The Court will refer to all the It's Just Lunch entities collectively as "IJL.") Plaintiffs, who paid for IJL's services, claim to have been enticed to do so by means of corporate-mandated lies repeated by individual IJL employees. Following discovery proceedings and multiple motions to dismiss, the parties have now cross-moved for summary judgment. In addition, nonparty Brad Berkowitz has filed a motion to intervene to assert a claim for a violation of New York's General Business Law.

In two Reports and Recommendations, Magistrate Judge Kevin Nathaniel Fox has recommended that this Court 1) deny Berkowitz's motion to intervene, 2) deny plaintiffs' motion for summary judgment, and 3) grant defendants' motion for summary judgment as to plaintiffs' GBL § 349 claim and unjust enrichment claims, and deny it as to plaintiffs' fraudulent inducement claims.  *See Rodriguez v. It's Just Lunch Int'l*, No. 07 Civ. 9227, 2012 WL 1228243 ("*Intervention R&R*"), 2012 WL 1224129 ("*Summary Judgment R&R*") (S.D.N.Y. Apr. 6, 2012).  Following *de novo* review, this Court adopts the recommendations of Judge Fox in part.  Specifically, this Court 1) grants Berkowitz's motion to intervene, 2) denies plaintiffs' motion for summary judgment, and 3) grants defendants' motion for summary judgment as to plaintiff Christine Rodriguez, and otherwise denies defendants' motion.

## I.  BACKGROUND

Judge Fox fully set forth the relevant facts in the Summary Judgment R&R, and this Court presumes the reader's familiarity with them.  *See* 2012 WL 1224129, at *1–3.  In brief, IJL provides matchmaking services to the public through local franchises.  The plaintiffs claim that IJL entices individuals to join the service through such deliberate misrepresentations as stating that IJL has "several 'perfect matches' in the franchise database for the prospective client, when none exists."  *Id.* at *2.

As this action now stands, plaintiffs seek relief on three grounds:  that they were fraudulently induced to enter into their contracts with IJL; that IJL violated New York's General Business Law § 349; and that IJL was unjustly enriched.  Plaintiffs also assert that they have a fourth claim against defendants—fraudulent concealment.

This Court will now turn to the merits of the three motions before it:  first, Berkowitz's motion to intervene in this action, then the parties' cross-motions for summary judgment.

## II. Discussion

### A. Berkowitz's Motion to Intervene Is Timely

Berkowitz's motion to intervene aims to cure a deficiency in this action as it currently stands. Plaintiffs admit that the GBL § 349 claim of the only named plaintiff still relying on that statute, Christine Rodriguez, is time-barred. GBL § 349 "prohibits deceptive acts or practices in the conduct of any business in New York." *Rodriguez v. It's Just Lunch, Int'l*, No. 07 Civ. 9227, 2010 WL 685009, at *7 (S.D.N.Y. Feb. 23, 2010) (quotation marks and alteration omitted), *adopted*, Dkt. No. 90.

Before plaintiffs admitted that her claim was time-barred, Rodriguez moved for summary judgment on the basis that IJL violated section 349 by violating another section of New York's General Business Law, GBL § 394-c. *See Rodriguez*, 2010 WL 685009, at *7–9. Section 394-c prohibits matchmaking services from charging more than $1000, and collecting this sort of illegal fee can satisfy the "misleading act" element of a GBL § 349 claim. *See Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007); *Rodriguez*, 2010 WL 685009, at *8–9. Both Rodriguez and Berkowitz claim that they paid more than $1000 for IJL's services. *See Rodriguez*, 2010 WL 685009, at *2; Berkowitz Aff. ¶ 6.

However, section 349 has a three-year statute of limitations. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210, 750 N.E.2d 1078, 1083 (2001). The parties agree that Rodriguez signed her IJL contract more than three years before plaintiffs filed their original complaint in October 2007, and therefore Rodriguez's GBL § 349 claim cannot proceed. *See Intervention R&R*, 2012 WL 1228243, at *2. Berkowitz, on the other hand, entered into a twelve-month contract with IJL on March 17, 2006—within the period of limitations. (Berkowitz Aff. ¶¶ 3–6.) Berkowitz seeks to intervene in order to replace Rodriguez as a named representative to assert a GBL § 349 claim since she cannot due to the statute of limitations.

Rule 24(a)(2) of the Federal Rules of Civil Procedure gives a right to intervene in an ongoing action to applicants who: "(1) file a timely motion; (2) show an interest in the litigation; (3) show that [their] interest may be impaired by the disposition of the action; and (4) show that [their]

3

interest is not adequately protected by the parties to the action." *In re Holocaust Victim Assets Litig.* ("*HVAL*"), 225 F.3d 191, 197 (2d Cir. 2000). Defendants oppose Berkowitz's motion solely on the grounds that it is not timely. The timeliness element is both multivariate and discretionary. "The court may consider, *inter alia*, the following factors: (1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *Id.* at 198.

Considering these factors as a whole, Judge Fox determined that Berkowitz's application was untimely because Berkowitz filed his motion "30 months after he learned of the instant action, and approximately 28 months after he discussed the action with the plaintiffs' counsel." *Intervention R&R*, 2012 WL 1228243, at *2, 4. Judge Fox also concluded that "[g]ranting Berkowitz's application would confer an unfair advantage on the [other] plaintiffs" and "would be prejudicial to the defendants [since] Berkowitz [could] reap the benefit of relying on the plaintiffs' assessment of Rodriguez's claims . . . , and not saddle him with the burden of that reliance in defeat." *Id.* at *3. Even though Berkowitz would be prejudiced if he were not allowed to intervene, Judge Fox concluded that the totality of the circumstances tipped against granting his motion. *See id.* at *3–4.

Exercising *de novo* review, this Court respectfully disagrees with the conclusions of Judge Fox.

### 1. *Berkowitz Did Not Wait Unreasonably Long Before Moving to Intervene*

As noted above, Judge Fox determined that Berkowitz's motion to intervene was untimely because Berkowitz had waited too long before making his motion. In their objections, plaintiffs argue that Judge Fox miscalculated the amount of time that Berkowitz seemingly slept on his rights. This miscalculation stems from Judge Fox's reluctance to consider the effect of so-called *American Pipe* tolling. This federal tolling doctrine provides that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class . . .

4

." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). *American Pipe* tolling does not necessarily apply to state law causes of action, *see Casey v. Merck & Co., Inc.*, 653 F.3d 95, 100 (2d Cir. 2011), but defendants do not argue that it is inapplicable to claims for violations of GBL § 349. *Cf. Josephson v. United Healthcare Corp.*, No. 11-CV-3665, 2012 WL 4511365, at *6 (E.D.N.Y. Sept. 28, 2012) ("*American Pipe* tolling is both a federal doctrine and a part of New York common law.").

*American Pipe* tolling, assuming it applies, alters the timeliness calculation. With tolling in place, Berkowitz did not wait years after receiving "notice of [his] interest in the action" before filing his motion. *HVAL*, 225 F.3d at 198. Berkowitz had no interest that needed protecting until he learned that Rodriguez was unable to serve as class representative. Berkowitz received that notice, at the earliest, in April 2010, when defendants filed their answer to the Second Amended Complaint and asserted a general statute of limitations defense. He filed his motion to intervene on July 30, 2010—less than five months later. This brief delay does not violate Rule 24. *Cf. Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352–53 (1983) ("Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims.").

### 2. The Other Timeliness Factors Favor Berkowitz

In addition to arguing that Berkowitz waited too long before making his motion, defendants claim that his late entry into this action will prejudice them by extending and expanding discovery. (Defs.' Intervention Aff. in Opp'n at 8–9.) However, any new discovery will perforce be limited to Berkowitz himself. His intervention does not alter the scope of this action or the claims brought by plaintiffs. Finally, the Court agrees with Judge Fox's conclusion that "Berkowitz will be prejudiced if he is not permitted to intervene." *Intervention R&R*, 2012 WL 1228243, at *3.

Under the totality of the circumstances, the Court concludes that Berkowitz's motion to intervene is timely pursuant to Rule 24(a)(2). Furthermore, Berkowitz's claim is not futile at this procedural posture. *See*

*Rodriguez*, 2010 WL 685009, at *7–9. The Court therefore grants Berkowitz's motion to intervene. As such, it denies without prejudice defendants' motion for summary judgment as to plaintiffs' GBL § 349 claims.

### B. The Parties' Cross-Motions for Summary Judgment

"Summary judgment may be granted only when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (quotation marks omitted); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). This Court may not weigh evidence or evaluate credibility when considering a summary judgment motion, *see Velez v. Sanchez*, 693 F.3d 308, 314 (2d Cir. 2012), and must "draw all reasonable inferences in favor of the non-moving party . . . ." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "The same standard applies where the parties file cross-motions for summary judgment." *Specialty Nat. Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 470 (S.D.N.Y. 2009). "[E]ach party's motion must be [] examined on its own merits, and in each case all reasonable inferences must be drawn against the [] party whose motion is under consideration." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012) (quotation marks omitted).

#### 1. Fraudulent Inducement

In the Summary Judgment R&R, Judge Fox recommended that this Court deny defendants' motion for summary judgment on plaintiffs' fraudulent inducement claims. *See* 2012 WL 1224129, at *5–7. Pursuant to New York law,[1] a plaintiff must prove five elements to succeed on a fraudulent inducement claim: "(1) a representation of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless disregard for the truth, (4) which was offered to deceive another

---

[1] The parties have utilized New York law in the briefing of these motions and as a result, the Court will also do so. Whether or not such a course is appropriate on the expected motion for class certification will be addressed at that time.

or induce him to act, and (5) which that other party relied on to its injury." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 580 (2d Cir. 2005).

All plaintiffs provided evidence of a misrepresentation of a material fact—namely, that the IJL interviewer had at least two matches in mind during the intake interview. (Bruno Dep. at 32; Cameron Dep. at 27, 54; Malak Dep. at 44; Rodriguez Dep. at 16; Tortora Dep. at 38–39.)[2] The evidence of IJL's corporate training would allow a reasonable jury to find that defendants made these statements with at least reckless disregard for the truth and for the purpose of inducing plaintiffs' action. *See Summary Judgment R&R*, 2012 WL 1224129, at *6. And all plaintiffs except Rodriguez provided evidence that they relied on defendants' misrepresentations and signed up with IJL as a result. (Bruno Dep. at 168; Cameron Aff. ¶¶ 6–8; Malak Aff. ¶¶ 6–8; Tortora Dep. at 39.)

Thus there is adequate evidence on the five elements of a fraudulent inducement claim to go to a jury. In seeking summary judgment on this claim, defendants are simply asking this Court to weigh evidence and make inferences in defendants' favor. The Court will not do so. *See Summary Judgment R&R*, 2012 WL 1224129, at *7.

However, the Court agrees with defendants that Rodriguez has not proffered sufficient facts to support a conclusion by the finder of fact that Rodriguez relied on IJL's representations that there were appropriate matches in its database for her. During her deposition, Rodriguez was asked "Was there something said specifically in the interview that caused you to want to join" IJL? (Rodriguez Dep. at 21.) She responded: "I can't recall specific words," but did remember that the interviewer was "enthusiastic." (*Id.* at 21–22.) Several months after her deposition, Rodriguez attempted to cure this defect in an affidavit, where she recalled that "the director's statement [presumably concerning matches the director had in mind] was, in fact, critical to [her] decision to join IJL." (Rodriguez

---

[2] These deposition transcripts and affidavits are attached to the Declaration of Jon L. Norinsberg, Esq., Dkt. No. 154, and defendants' objections to the Summary Judgment R&R, Dkt. No. 160.

Aff. ¶ 10.) The Court will not consider this affidavit. "It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995) (quotation marks omitted). Because Rodriguez's sworn testimony demonstrates that she did not rely on any misrepresentation of defendants, her fraudulent inducement claim must be dismissed.

### 2. Fraudulent Concealment

In opposition to defendants' summary judgment claim, plaintiffs explicitly asserted for the first time a claim for fraudulent concealment based on defendants' alleged failure to disclose the existence of a call center in Florida. Judge Fox declined to consider this claim, concluding that defendants did not have sufficient notice of this theory of liability. *Summary Judgment R&R*, 2012 WL 1224129, at *7. Plaintiffs object to his conclusion on the grounds that arguing that these allegations were explicitly set forth in the Second Amended Complaint and were a subject of discovery proceedings. Even were the Court to assume that plaintiffs adequately made a claim of fraudulent concealment in the Second Amended Complaint, it would nonetheless fail as a matter of law.

To prevail on a claim for fraudulent concealment pursuant to New York law, a party must prove: "(1) failure to discharge a duty to disclose; (2) an intention to defraud, or scienter; (3) reliance; and (4) damages." *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 90–91 (2d Cir. 2005). Plaintiffs candidly admit that they cannot satisfy *any* of these elements because none of them had contact with the Florida call center. (Pls.' Mem. in Opp'n at 18 n.13.) Plaintiffs wave away this problem, however, arguing that they nonetheless meet the typicality requirement for class certification. That argument is irrelevant to defendants' motion. Plaintiffs admittedly cannot satisfy the elements of a claim for fraudulent concealment. That claim is dismissed.

### 3. Unjust Enrichment

Judge Fox also recommended that this Court dismiss plaintiffs' unjust enrichment claim on the grounds that Rodriguez's claim is barred by the

statute of limitations and no other plaintiff asserted claims pursuant to GBL § 349. *See Summary Judgment R&R*, 2012 WL 1224129, at *5. Under New York law, however, "a claim for unjust enrichment is not duplicative of a breach of contract claim where the plaintiff alleges that the contracts were induced by fraud." *Pramer S.C.A. v. Abaplus Int'l Corp.*, 76 A.D.3d 89, 100, 907 N.Y.S.2d 154, 161 (1st Dep't 2010) (citing *Niagara Mohawk Power Corp. v. Freed*, 265 A.D.2d 938, 939, 696 N.Y.S.2d 600, 602 (4th Dep't 1999)). Therefore, apart from Rodriguez, plaintiffs' unjust enrichment claims may proceed.

### III. CONCLUSION

For the reasons set forth above, the Court adopts the recommendations of Judge Fox in part. Berkowitz's motion to intervene in this action is granted; plaintiffs' motion for summary judgment is denied; defendants' motion for summary judgment is granted as to plaintiff Christine Rodriguez and otherwise denied. Plaintiff Christine Rodriguez is dismissed. Plaintiffs shall file their Third Amended Complaint limited to adding Berkowitz as a plaintiff by April 29, 2013. Defendants shall answer that complaint by May 13, 2013; document demands and interrogatories, if any, relating to Berkowitz should be served on or before May 13, 2013; and Berkowitz shall respond to any such demands and interrogatories within 15 days of service. Depositions relating to Berkowitz shall be concluded by June 14, 2013. If plaintiffs intend to move for class certification, they should do so by June 21, 2013. Defendants' opposition to this motion shall be filed by July 19, 2013, and plaintiffs' reply, if any, shall be filed by August 2, 2013.

Dated: New York, New York
April 23, 2013

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.