Case 1:07-cv-09227-SHS   Document 180   Filed 06/19/13   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE RODRIGUEZ, SANDRA BURGA, KAREN MALAK, JAMES TORTORA, LISA BRUNO, JANEEN CAMERON, KAREN MCBRIDE, ANDREW WOOLF, and BRAD BEROKWITZ, Individually and for all other similarly situated,

           Plaintiffs,

-against-

IT'S JUST LUNCH, INTERNATIONAL, IT'S JUST LUNCH, INC., HARRY AND SALLY, INC., RIVERSIDE COMPANY, LOREN SCHLACHET, IJL NEW YORK CITY FRANCHISE, IJL ORANGE COUNTY FRANCHISE, IJL CHICAGO FRANCHISE, IJL PALM BEACH FRANCHISE, IJL DENVER FRANCHISE, IJL AUSTIN FRANCHISE, IJL LOS ANGELES-CENTURY CITY FRANCHISE, and DOES 1–136,

           Defendants.

07 Civ. 9227 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    This putative class action concerns It's Just Lunch, a matchmaking service that operates across the country through local franchises. On April 23, 2013, this Court issued a Memorandum Order granting the motion to intervene of plaintiff Brad Berkowitz, denying plaintiffs' motion for summary judgment, and denying in large part defendants' motion for summary judgment. *See Rodriguez v. It's Just Lunch, Int'l*, No. 07 Civ. 9227, 2013 WL 1749590 (S.D.N.Y. Apr. 23, 2013). Defendants have now moved for reconsideration of that Order pursuant to Local Rule 6.3 of the Southern District of New York. In the alternative, defendants ask this

Court to certify an interlocutory appeal to the U.S. Court of Appeals for the Second Circuit. For the reasons set forth below, defendants' motion is denied in full.

## I. DEFENDANTS' MOTION FOR RECONSIDERATION

Local Rule 6.3 allows for reconsideration or reargument of a court order such as this Court's April 23 Memorandum Order. "A motion for reconsideration is appropriate where the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. A motion for reconsideration may also be granted to correct a clear error or prevent manifest injustice." *Peoples v. Fischer*, 898 F. Supp. 2d 618, 623 (S.D.N.Y. 2012) (quotation marks and notes omitted). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Castilla v. City of N.Y.*, No. 09 Civ. 5446, 2013 WL 71809, at *1 (S.D.N.Y. Jan. 2, 2013). This standard is "narrowly construed and strictly applied." *Hardy v. Fischer*, No. 08 Civ. 2460, 2010 WL 4359229, at *1 (S.D.N.Y. Nov. 3, 2010).

Defendants advance two broad grounds for reconsideration: first, that this Court inappropriately applied *American Pipe* tolling in ruling on Berkowitz's motion to intervene; and second, that the Court misconstrued the facts applicable to plaintiffs' claims for fraudulent inducement. Neither of these arguments meets the exacting standard of Local Rule 6.3

### A. Berkowitz's Motion to Intervene and *American Pipe* Tolling

In the April 23 Memorandum Order, this Court granted the motion to intervene of Brad Berkowitz to allow him to assert a claim pursuant to section 349 of New York's General Business Law. *See Rodriguez*, 2013 WL 1749590, at *1–3. Central to this decision was the Court's conclusion that *American Pipe* tolling, assuming it applied, rendered Berkowitz's motion timely. *See id.* at *3. This Court did not definitively hold that *American Pipe* tolling applied to Berkowitz's GBL § 349 claim, but noted that "defendants do not argue that it is inapplicable to claims for" such claims. *Id.* at *3.

2

Defendants ask the Court to reconsider its application of *American Pipe* tolling—but not on the basis that it is inapplicable to Berkowitz's state law cause of action. Instead, defendants argue that because no named plaintiff had constitutional standing to assert a GBL § 349 claim before Berkowitz moved to intervene, *American Pipe* tolling should not apply. But this affirmative defense was not introduced into the action until April 2010, at the earliest, when defendants asserted a general statute of limitations defense in their answer to the Second Amended Complaint. Prior to that date, the statute of limitations presented only a possible bar to relief. "The potential availability of a defense or affirmative defense does not destroy Article III standing." *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 124 (S.D.N.Y. 2011). Defendants' argument does not meet the standard of Local Rule 6.3.

This Court's April 23 Memorandum Order simply permitted Berkowitz to intervene. The Court has not ruled on the timeliness of his claim nor made a final ruling on the applicability of *American Pipe* tolling to his GBL § 349 claim. Defendants have not presented any facts or law that would cause this Court to reconsider its narrow ruling.

### B. Plaintiffs' Claims for Fraudulent Inducement

Defendants next accuse the Court of "overlook[ing] or misapprehend[ing]" crucial facts that supported dismissal of plaintiffs' claims for fraudulent inducement. (Defs.' Mem. in Supp. at 7.) But nowhere in defendants' duplicative argument do they point out any facts that this Court overlooked, disregarded, or misapprehended. Local Rule 6.3 precludes just this kind of "wasteful repetition of arguments already briefed, considered and decided." *Castilla*, 2013 WL 71809, at *1.

Defendants also contend that "if the Court reconsiders the Order and find[s] that there is no issue of fact with respect to the claim for fraud in the inducement of the contracts, the claim for unjust enrichment fails as a matter of law because the contracts at issue are valid." (Defs.' Mem. in Supp. at 16.) Because the Court declines to reconsider its denial of defendants' motion for summary judgment as to plaintiffs' fraudulent inducement claims, it also declines to reconsider its ruling on plaintiffs' claims for unjust enrichment.

## II. DEFENDANTS' REQUEST FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

Finally, defendants request that the Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on "the question of whether, pursuant to *American Pipe*, class members' claims are tolled even when there is no named plaintiff with standing." (Defs.' Mem. in Supp. at 16.) As explained above, this question has no bearing on this action. This question of law is therefore not "controlling" within the meaning of section 1292(b), and thus not a proper subject of an interlocutory appeal. *See Casey v. Long Island R.R. Co.*, 406 F.3d 142, 147 (2d Cir. 2005); *Klinghoffer v. S.N.C.*, 921 F.2d 21, 24 (2d Cir. 1990).

\* \* \*

For these reasons, defendants' motion for reconsideration or, in the alternative, for certification of an interlocutory appeal is denied in full.

Dated: New York, New York
June 19, 2013

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.